IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARITY CHIDINMA EMERONYE SWIFT,** | |
| Plaintiff, | Civil Action No. 1:14-CV-1139 |
| v. | Hon. Judge Liam O'Grady |
| | Hon. Magistrate Judge Ivan D. Davis |
| **FRONTIER AIRLINES, INC.** (a Colorado corporation), and **JANE DOE,** | |
| Defendants. | |

### FRONTIER AIRLINES, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint, which is filed contemporaneously with its Motion to Dismiss Counts III and IV of Plaintiff's Complaint, and states as follows:

### NATURE OF THE CASE

1. Frontier states that some or all of the allegations contained in Paragraph 1 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies all such allegations.

### JURISDICTION AND VENUE

2. Frontier states that some or all of the allegations contained in Paragraph 2 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent an

answer is deemed necessary, Frontier admits only to the existence of the federal statutes cited by Plaintiff, states that the statutes speak for themselves, and denies such allegations to the extent they conflict with the express language of the aforementioned statute. Frontier further lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies all such allegations.

## INTRODUCTION

3.    Frontier denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies all such allegations.

4.    Frontier states that some or all of the allegations contained in Paragraph 4 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier admits only to the existence of the federal statutes cited by Plaintiff, states that the statutes speak for themselves, and denies such allegations and obligations to the extent they conflict with the express language of the aforementioned statute. Frontier further denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies all such allegations.

5.    Frontier denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies all such allegations.

## PARTIES

**Plaintiff**

6.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies all such allegations.

**Defendants**

7.      Frontier admits only that it is a Colorado corporation with its principal place of business at 7001 Tower Road, Denver, Colorado 80249 and is an air carrier engaged in the business of transportation. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies all such allegations.

8.      Frontier states that some or all of the allegations contained in Paragraph 8 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies all such allegations.

## FACTS GIVING RISE TO THIS ACTION

9.      Frontier admits only that Plaintiff traveled on Frontier Airlines from Bozeman, Montana ("BZN") to Arlington, Virginia ("DCA") with a stopover in Denver, Colorado (DEN) on September 4, 2013. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies all such allegations.

10. Frontier denies that Plaintiff was discriminated against by Frontier and that Frontier has any liability to Plaintiff. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies all such allegations.

11. Frontier admits only that Plaintiff traveled on Frontier Airlines from Bozeman, Montana ("BZN") to Arlington, Virginia ("DCA") with a stopover in Denver, Colorado (DEN) on September 4, 2013. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies all such allegations.

12. Frontier admits that Plaintiff had a no-hassle flight onboard Frontier Airlines and she arrived safely without any incident. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies all such allegations.

13. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies all such allegations.

14. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies all such allegations.

15. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies all such allegations.

16. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies all such allegations.

17. Frontier denies that Plaintiff was the only passenger onboard the alleged flight that paid a baggage fee and that Plaintiff was discriminated against by Frontier. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies all such allegations.

18. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies all such allegations.

19. Frontier denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Frontier denies that Plaintiff was the only passenger onboard the alleged flight that paid a baggage fee and that Plaintiff was discriminated against by Frontier. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies all such allegations.

21. Frontier denies that Plaintiff was the only passenger onboard the alleged flight that paid a baggage fee and that Plaintiff was discriminated against by Frontier. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies all such allegations.

22. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies all such allegations.

23. Frontier denies that Plaintiff was the only passenger onboard the alleged flight that paid a baggage fee and that Plaintiff was discriminated against by Frontier. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies all such allegations.

24. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies all such allegations.

25. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies all such allegations.

26. Frontier denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**REQUISITES FOR RELIEF**

27. Frontier denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Frontier denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

**CLAIMS FOR RELIEF**

**COUNT I: 42 U.S.C. § 1981**
**DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF CONTRACTS**

29. Frontier restates and incorporates by reference its responses to Paragraphs 1 through 28 of Plaintiff's Complaint above as though fully set forth herein.

30. Frontier states that some or all of the allegations contained in Paragraph 30 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier admits only to the existence of 42 U.S.C. § 1981, states that the statute speaks for itself, and denies any such allegations to the extent they conflict with

the express language of the aforementioned statute. Frontier further denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Frontier states that some or all of the allegations contained in Paragraph 31 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies all such allegations.

32.     Frontier states that some or all of the allegations contained in Paragraph 32 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier denies all such allegations.

33.     Frontier denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Frontier denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

**COUNT II: TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000D)**

35.     Frontier restates and incorporates by reference its responses to Paragraphs 1 through 34 of Plaintiff's Complaint above as though fully set forth herein.

36.     Frontier states that some or all of the allegations contained in Paragraph 36 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier admits only to the existence of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000D), states that the statute speaks for itself, and denies any such allegations to the extent they conflict with the express language of the aforementioned statute. Frontier further denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Frontier denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (VIRGINIA TORT)

Paragraphs 38-40.   The allegations contained in Paragraphs 38 through 40 of Count III of Plaintiff's Complaint are the subject of Frontier's Motion to Dismiss Counts III & IV of Plaintiff's Complaint filed contemporaneously herewith and, therefore, no responses are required. To the extent any of the allegations contained in Paragraphs 38 through 40 of Count III of Plaintiff's Complaint are deemed to require a response by Frontier, they are denied.

### COUNT IV: DEFAMATION (VIRGINIA TORT)
### By Innuendo, Inference, Implication or Insinuation

Paragraphs 41-47.   The allegations contained in Paragraphs 41 through 47 of Count IV of Plaintiff's Complaint are the subject of Frontier's Motion to Dismiss Counts III & IV of Plaintiff's Complaint filed contemporaneously herewith and, therefore, no responses are required. To the extent any of the allegations contained in Paragraphs 41 through 47 of Count IV of Plaintiff's Complaint are deemed to require a response by Frontier, they are denied.

### PRAYER FOR RELIEF

Frontier denies the allegations following the unnumbered paragraph beginning with the word "WHEREFORE," including subparagraphs (a)-(h) therein, and specifically denies that Plaintiff is entitled to judgment of any recovery against Frontier.

### AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Frontier, by and through its counsel, hereby raises, asserts, and preserves the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that they fail to state a claim for which relief may be granted, as further detailed in Frontier's Motion to Dismiss Counts III & IV of Plaintiff's Complaint.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by 6 U.S.C § 1104, any amendments thereto and applicable federal regulations, which grant Frontier immunity for reports made to authorities.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by 49 U.S.C. § 44941, any amendments thereto and applicable federal regulations, which grant Frontier immunity for making a voluntary disclosures to authorities.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by any applicable one-year statute of limitations, including, but not limited to, Va. Code § 8.01-247.1 (2014), which had expired on the date she filed her Complaint, September 4, 2014.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Airline Deregulation Act (ADA), 49 U.S.C. § 41713(b)(1), which preempts any and all claims that relate to rates, routes, or services provided by an air carrier.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by any contractual release, disclaimer, and/or limitations of remedies entered into by Plaintiff in regard to her flight, including, but not limited to, the contract of carriage in force and effect on or about the date of the alleged incident.

**SEVENTH AFFIRMATIVE DEFENSE**

While denying any and all allegations of wrongdoing, fault, or liability, Frontier states that it would be entitled, at its sole election, to a full credit, offset, *pro-rata* reduction, or percentage reduction, based on the percentage of fault, wrongdoing, or liability attributable to each settling defendant, in the event Plaintiff settles with any defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

While denying that Plaintiff is entitled to any relief whatsoever, if Frontier is required to pay a monetary award to the Plaintiff, Frontier claims a set-off against any monies received by Plaintiff for her alleged injuries or damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable or responsible, including, but not limited to, independent third-party contractors. In the event Frontier is found liable to Plaintiff, which Frontier expressly denies, Frontier may be entitled to indemnification, contribution, or apportionment of liability and fault pursuant to applicable law and reserve its right to seek the same.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by allegedly intentional torts for which Frontier is not vicariously liable or responsible under theories of *respondeat superior* and the like.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's request for exemplary and punitive damages are barred because she has not alleged and cannot prove facts that would entitle her to punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Frontier invokes each and every constitutional and statutory defense available to it under the constitutions, statutes, civil or other law of each of the other forty-nine states, the District of Columbia, the territories and possessions of the United States, and/or applicable foreign law. These laws specifically include, but are not limited to, provisions relating to due process, access to the courts, statutes of limitations and repose, and limitations on compensatory, non-economic, and punitive damages.

## RESERVATION OF FURTHER DEFENSES

Frontier reserves the right to further amend its Answer and to assert any and all additional defenses as may be revealed by further investigation, discovery, and determination of the substantive law that will governing this case.

## JURY DEMAND

Frontier hereby demands a trial by jury.

WHEREFORE, Defendant Frontier Airlines, Inc. prays that Plaintiff take nothing by way of her Complaint, that judgment be entered in its favor and against Plaintiff, and requests

reimbursement of its costs and fees in defense of this Complaint and such further relief as this Court deems just and reasonable.

Dated: October 22, 2014	Respectfully submitted,

/s/ _____
Sarah E. Moffett (VA Bar No. 72208)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone: (703) 647-5930
Facsimile: (703) 647-5980
Email: sarah.moffett@leclairryan.com

- and –

Paula L. Wegman (*pro hac vice pending*)
Steven L. Boldt (*admitted pro hac vice*)
ADLER MURPHY & MCQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-9860
Email: sboldt@amm-law.com
Email: pwegman@amm-law.com

***Attorneys for Frontier Airlines, Inc.***

**CERTIFICATE OF SERVICE**

  I hereby certify that, on October 22, 2014, I served the following via U.S. Mail, postage prepaid, and via electronic case filing:

  Charity Chidinma Emeronye Swift
  Swift & Swift, Attorneys at Law, P.L.L.C.
  21 Eisenhower Avenue
  Suite 200
  Alexandria, VA 22314

              */s/*_____
              Sarah E. Moffett