**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

———————————————————————— |
|
**CHARITY CHIDINMA** |
**EMERONYE SWIFT,** |
|
    **Plaintiff,** |   **Civil Action No. 1:14-cv-1139**
|
  **v.** |   **Hon. Judge Anthony J. Trenga**
|   **Hon. Magistrate Judge Ivan D. Davis**
**FRONTIER AIRLINES, INC.** |
**(a Colorado corporation),** |
**and JANE DOE,** |
|
    **Defendants.** |
———————————————————————— |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LEAVE OF COURT**
**TO AMEND COMPLAINT**

  Plaintiff Charity Chidinma Emeronye Swift ("Mrs. Swift"), through her undersigned

counsel, proposes to substitute the Amended Complaint attached hereto as Exhibit 1 for her

original Complaint in this case.  Her reasons for amending her Complaint are as follows:

  1.  She did not file an Amended Complaint for more than twenty-one days after Frontier

Arlines, Inc. ("Frontier") filed its Answer and Motion to Dismiss, because settlement

negotiations were ongoing, and appeared promising at the time.

  2.  Her former counsel withdrew more than twenty-one days  after Frontier Arlines, Inc.

("Frontier") filed its Answer and Motion to Dismiss.

  3.  She has discovered new facts and information that are included in the Amended

Complaint, that have enabled her to better state her claims.

-1-

In *Sepmoree v. Bio-Medical Applications of Virginia, Inc.* Civil Action No. 2:14-cv-141

(E.D. Va., 2014), the Court stated:

> If a motion to amend is filed more than twenty-one days after a responsive pleading or motion under Rule 12(b) is served, either leave of court or the consent of the opposing party is required. Fed R. Civ. P. 15(a)(2). The courts are instructed to "freely give leave when justice so requires." Id. [Citing *Pueschel v. United States*, 369 F.3d 345, 353 n.3 (4th Cir. 2004)] Thus, leave to amend a pleading should only be denied when (1) the amendment will prejudice the defendant; (2) the moving party has acted in bad faith; or (3) the amendment would be futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). An amendment would be futile if it fails to state a claim under the Federal Rules of Civil Procudure. See Katle v. Penn Nat.Gaming, Inc. 637 F.3d 462, 471 (4th Cir. 2011).

The attached Amended Complaint will in no way prejudice the defendants. Plaintiff has

in no way acted in bad faith, but was unable to meet the 21-day deadline filing it (after Frontier's

Answer and Motion to Dismiss were filed) only because settlement negotiations seemed likely to

resolve the case, and her former counsel withdrew their representation after the 21 days expired.

Plaintiff believes that the attached Amended Complaint will not be futile, because she has

alleged sufficient facts that meet the *Twombly* and *Iqbal* plausibility test. Finally, justice

requires that Mrs. Swift be allowed to amend her complaint.

For the foregoing reasons, Plaintiff's Motion for Leave of Court to Amend Complaint should be granted.

Dated: December 10, 2014                    Respectfully submitted,

*/s/ Stephen Christopher Swift*
Stephen Christopher Swift
Virginia State Bar ID No. 38419
Swift & Swift, Attorneys at Law, P.L.L.C.
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia  22314-4688
Telephone: (703) 418-0000
Facsimile: (703) 535-8205
E-Mail: steve@swift.law.pro

*Attorney for Plaintiff*
*Charity Chidinma Emeronye Swift*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 10, 2014, I electronically filed the foregoing document with the Clerk of the Court, using the Court's CM/ECF system, which will automatically cause all counsel of record to be served therewith.

*/s/ Stephen Christopher Swift*
Stephen Christopher Swift