IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARITY CHIDINMA EMERONYE SWIFT,** | |
| Plaintiff, | Civil Action No. 1:14-CV-1139 |
| v. | Hon. Judge Anthony J. Trenga |
| | Hon. Magistrate Judge Ivan D. Davis |
| **FRONTIER AIRLINES, INC. (a Colorado corporation), and JANE DOE,** | |
| Defendants. | |

**FRONTIER AIRLINES, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS III & IV OF PLAINTIFF'S COMPLAINT**

Defendant Frontier Airlines, Inc. ("Frontier"), pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this reply memorandum of law in further support of its motion to dismiss.

### I.   ARGUMENT

**A.   PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTION DISTRESS CLAIM MUST BE DISMISSED.**

Without providing any analysis, Plaintiff argues that she "believes" she has sufficiently stated an intentional infliction of emotion distress ("IIED") claim because she "is the only one in the best position to express her pains." (Doc. #27, at 19). But the pains Plaintiff expressed in her complaint, and again in her response brief, are precisely the reason why her IIED claim must be dismissed.

Though Plaintiff cites to *Harris v. Kreutzer*, she apparently ignored the holding in that case, which found that "nervousness, sleep deprivation, stress and its physical symptoms,

withdrawal from activities, and inability to concentrate at work fail[s] to allege a type of extreme emotional distress that is so severe that no reasonable person could be expected to endure it." 624 S.E.2d 24, 34 (Va. 2006); (Doc. # 27, at 18). These are the exact same symptoms Plaintiff alleges here, and they do not state a claim as a matter of law. *Id*; *see also* (Doc. # 27, at 18).

Likewise, Plaintiff simply reiterates the defective allegations in her complaint pertaining to the outrageousness element of the tort and fails to provide any authority to support her argument that this element is sufficiently plead. This is not surprising since the authority is contrary to her position, and there is no reason to deviate from such authority in this case. Plaintiffs' arguments must be rejected and her IIED claim dismissed with prejudice.

**B.    PLAINTIFF'S DEFAMATION CLAIM MUST BE DISMISSED.**

As a preliminary matter, Plaintiff generally restates the allegations of her complaint in her response brief, reiterating that she was discriminated against for being required to pay a $25.00 baggage fee. But Frontier did not move to dismiss the discrimination claims of her complaint, and therefore, these arguments are irrelevant to the present motion.

Plaintiff urges this Court to read the alleged statements made by the gate agent in a vacuum and ignore the context in which they were made. (Doc. # 27, pp. 20-21). This must be rejected for several reasons. *See generally Hyland v. Raytheon Tech. Servs. Co.*, 670 S.E.2d 746, 751 (Va. 2009) ("[A] court may not isolate one portion of the statement at issue from another portion of the statement. Rather, a court must consider the statement as a whole.").

First, the agent allegedly told Plaintiff that if she did not pay the baggage fee she would call airport security. (Doc. # 1, ¶18). Then, when Plaintiff continued to refuse to pay the fee, the agent purportedly yelled for someone to call airport security. (Doc. # 1, ¶18). There is nothing

false, let alone provably false, about these statements. And they cannot be reasonably interpreted in the unfounded way suggested by Plaintiff, because innuendo "cannot introduce new matter, nor extend the meaning of the words used, or make that certain which is in fact uncertain." *Carwile v. Richmond Newspapers, Inc.*, 82 S.E.2d 588, 592 (Va. 1954). But this is exactly what Plaintiff attempts to do here by introducing new matters and extending the meaning of the actual words used. These efforts must be rejected.

Second, Plaintiff continues her threshold failure to identify what crime she was allegedly accused of committing. (*See* Doc. # 27); *see also Yeagle v. Collegiate Times*, 497 S.E.2d 136, 138 (Va. 1998). Instead, she responds that the statement by the gate agent requesting airport security insinuated that Plaintiff committed some unknown crime because the statement "concerned whether or not a passenger should be allowed to board the flight." (Doc. # 27, p.20). Unlike the cases cited by Plaintiff, denial of boarding is not a crime. *See Cashion v. Smith*, 749 S.E.2d 526 (Va. 2013) (murder); *Scnupp v. Smith*, 457 S.E.2d 42 (Va. 1995) (aiding and abetting in the possession of narcotics); *WJLA-TV v. Levin*, 564 S.E.2d 383 (Va. 2002) (sexual assault). Only publications of crimes involving moral turpitude punishable by confinement in a penal institution can even qualify as being potentially defamatory. *See Freedlander v. Edens Broadcasting, Inc.*, 734 F. Supp. 221, 225 (E.D. Va. 1990); *see also Pollard v. Lyon*, 91 U.S. 225, 231 (1876) ("Defamatory words to be actionable per se, say that court, must impute a crime involving moral turpitude punishable by indictment. It is not enough that they impute immorality or moral dereliction merely, but the offence charged must be also indictable."); *Kelly v. Grigsby*, 67 Va. Cir. 153, 154-55 (Va. Cir. 2005) ("A crime involving moral turpitude is 'an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow

man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man.'" (citing *Great Coastal Express v. Ellington*, 334 S.E.2d 846, 850 (Va. 1985))). This is clearly not the case here.

Finally, Plaintiff's argument that the statements are provably false because Frontier allowed Plaintiff to board the flight instead of having the police detain her is simply absurd. (Doc. # 27, p.21). If anything, this argument demonstrates that Plaintiff was in fact not accused of committing a crime.

In sum, the vague "innuendo" Plaintiff proposes here is far too tenuous to the actual statements allegedly made to be defamatory, which Plaintiff even admits in her response "do not directly defame the plaintiff." (Doc. # 27, at p.21). Because the alleged statements are not actionable, dismissal of Plaintiff's defamation claim with prejudice is warranted.

## II.    CONCLUSION

WHEREFORE, Defendant Frontier Airlines, Inc. respectfully requests that this Court grant its Motion to Dismiss Counts III & IV of Plaintiff's Complaint with prejudice and grant any further relief the Court deems just and proper.

Dated: December 11, 2014                Respectfully submitted,

/s/ _____
Sarah E. Moffett (VA Bar No. 72208)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone: (703) 647-5930
Facsimile:  (703) 647-5980
Email:  sarah.moffett@leclairryan.com

- and –

Paula L. Wegman (*pro hac vice pending*)
Steven L. Boldt (*admitted pro hac vice*)
ADLER MURPHY & MCQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile:  (312) 345-9860
Email: sboldt@amm-law.com
Email: pwegman@amm-law.com

*Attorneys for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 11, 2014, I served the following via electronic case filing:

Stephen Christopher Swift
Swift & Swift, Attorneys at Law, P.L.L.C.
21 Eisenhower Avenue
Suite 200
Alexandria, VA 22314
*Attorneys for Plaintiff*

                                                  */s/*_____
                                                  Sarah E. Moffett