## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARITY CHIDINMA EMERONYE SWIFT,** | |
| Plaintiff, | Civil Action No. 1:14-CV-1139 |
| v. | Hon. Judge Anthony J. Trenga |
| | Hon. Magistrate Judge Ivan D. Davis |
| **FRONTIER AIRLINES, INC. (a Colorado corporation), and JANE DOE,** | |
| Defendants. | |

### FRONTIER AIRLINES, INC.'S OPPOSITION TO
### PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT

Defendant Frontier Airlines, Inc. ("Frontier"), pursuant to the Federal Rules of Civil Procedure and Local Rule 7(f) of this Court, submits this Opposition to Plaintiff Charity Chidinma Emeronye Swift's ("Plaintiff") Motion for Leave of Court to Amend Complaint.

### I.   INTRODUCTION

This case arises out of a $25.00 baggage fee Plaintiff claims she was wrongfully charged due to her race and/or national origin by a gate agent employed by Frontier on September 4, 2013. On September 4, 2014, Plaintiff filed a Complaint asserting, among other things, claims for intentional infliction of emotional distress ("IIED") (Count III) and defamation (Count IV) against Frontier. On October 22, 2014, Frontier filed a Motion to Dismiss both of these counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Dismiss is now fully briefed by the parties and set for oral argument on January 9, 2015.

On December 10, 2014, Plaintiff filed a Motion for Leave of the Court to Amend Complaint and attached a proposed Amended Complaint. Notably, Plaintiff's proposed Amended Complaint fails to correct any of the legal deficiencies in her IIED and defamation claims. Instead, Plaintiff seeks to add two new causes of action: (1) false imprisonment; and (2) breach of contract. In sum, Plaintiff now alleges that she was also falsely imprisoned by a Frontier gate agent because the agent allegedly threatened to deny her boarding and call airport security if she refused to pay the $25.00 baggage fee. She also claims Frontier breached a contract by charging her the fee and refusing to allow her to board the plane prior to paying the fee. These new claims fail for several reasons and, since the amendments would be futile, leave should be denied.

First, Plaintiff, by her own admission in the Amended Complaint, was never detained at any point during the incident. She merely alleges that she was wrongfully required to pay the fee before being allowed to board her flight, and therefore, she was falsely imprisoned. This is not false imprisonment, as Plaintiff was never actually detained in the gate area or anywhere else.

Second, Plaintiff fails to state a claim for breach of contract because the terms of the purported contracts attached to her proposed Amended Complaint clearly establish that Plaintiff was properly charged the $25.00 fee. Plaintiff purchased her tickets on August 19, 2013 from a third-party travel agency, and not from Frontier's website. As such, her ticket was a "Basic" ticket, and Plaintiff was rightfully charged the $25.00 fee. There was simply no breach. Further, the tort damages sought in her contract claim are improper under Virginia law. As such, Plaintiff's request to amend her complaint to add her breach of contract claim must be denied.

Accordingly, dismissal of Plaintiff's IIED (Count III) and defamation (Count IV) claims continues to be warranted since her proposed Amended Complaint does not cure the deficiencies

2

raised in Frontier's fully-briefed Motion to Dismiss. Likewise, leave for Plaintiff to allege her breach of contract (Count V) and false imprisonment (Count VI) claims must be denied as futile.

## II. STATEMENT OF FACTS

On September 4, 2013, Plaintiff was traveling on Frontier Airlines from Bozeman, Montana (BZN) to Arlington, Virginia (DCA) with a stopover in Denver, Colorado (DEN). (Doc. # 32-2, ¶¶15, 18). While boarding her connecting flight, Plaintiff alleges that a Frontier agent told Plaintiff that she would have to pay a $25.00 fee for her carry-on baggage before she was allowed to board. *Id.*, ¶20. Plaintiff claims she was the only one asked to pay the $25.00 fee due to her race and national origin. *Id.*, ¶¶25-26.

After being informed of the fee, Plaintiff debated with the agent as to why she should not have to pay it. *Id.* ¶¶20-24. At some point thereafter, the agent allegedly became impatient with Plaintiff and told her, "Can't you see that I don't care, and I don't want to hear you say anything more to me again, you pay or I will call the airport security police to come and arrest you." *Id.* ¶23. After Plaintiff failed to respond, the agent then allegedly stated, "Can someone call me [sic] an airport security police?" *Id.* ¶23. Ultimately, Plaintiff paid the $25.00 fee and boarded her flight without incident, though she "felt devastated by the thought that she could have been arrested, had someone called the police as Jane Doe requested." *Id.* ¶27. By paying the fee, Plaintiff claims she was falsely imprisoned because the agent "restrained [Plaintiff's] liberty and freedom to board her flight, which she had paid for, without just cause." *Id.* ¶57.

On August 19, 2013, Plaintiff booked her ticket through a third-party travel agency, Air World Travel and Train, and not on FlyFrontier.com. *Id.*, ¶¶15, 54. According to Exhibit G to Plaintiff's Amended Complaint, Frontier offered the following fare options:

3

| Available on all Frontier Flights | CLASSIC PLUS<br>Includes STRETCH seating, 1 checked bag, beverage, and fully refundable fare | CLASSIC<br>Includes STRETCH seating, 1 checked bag, and beverage | ECONOMY<br>Our lowest fare booked at FLYFRONTIER.COM | BASIC<br>Our lowest fare booked through other travel agencies |
|---|---|---|---|---|
| Free Advanced Seat Assignment | STRETCH Seating | STRETCH Seating | STANDARD Seating | Seats assigned at check-in |
| STRETCH Seating Upgrade (limited by capacity and availability) | $0<br>Eligible at purchase or at check-in | from $0<br>Eligible at purchase or at check-in | from $15*<br>Eligible at purchase or at check-in | from $15*<br>Eligible at purchase or at check-in |
| Advanced SELECT Seating Upgrade (limited by capacity and availability) | $0 | $0 | $5 | $15<br>Through Manage Reservations |
| Advanced STANDARD Seating Upgrade (limited by capacity and availability) | $0 | $0 | $0 | $8<br>Through Manage Reservations |
| Fully Refundable Fare | ✓ | | | |
| Priority Services (check-in, security access, and boarding where available) | ✓ | ✓ | | |
| On-board Beverages | ✓<br>Unlimited non-alcoholic drinks and one alcoholic drink | ✓<br>Unlimited non-alcoholic drinks and one alcoholic drink | From $1.99 | From $1.99 |
| 1st Checked Bag | ✓ | ✓ | $20 at check-in on FlyFrontier.com / $25 for check-in at airport | $20 at check-in on FlyFrontier.com / $25 for check-in at airport |
| 2nd Checked Bag | $30 | $30 | $30 | $30 |
| Carry-On Bag | ✓ | ✓ | ✓ | $0 for all tickets purchased through August 5, 2013<br>$25-$100** for all tickets purchased on or after August 6, 2013 |

(Doc. #32-9, p.2-3 (emphasis added)). These fare options are consistent with the May 1, 2013 press release attached as Exhibit E to Plaintiff's Amended Complaint, which states, in relevant part, as follows:

4

**Carry-On Baggage**

Frontier's most loyal customers have made it very clear that finding overhead bin space for carry-on bags has become unacceptably difficult. In response, Frontier will be introducing a charge for carry-on bags for customers buying Basic fares through third party sales. All tickets sold at FlyFrontier.com include a carry-on bag with the fare.

<u>FlyFrontier.com will become the only channel through which customers will continue to enjoy free carry-on bags on all tickets</u>.

(Doc. # 32-7, p.2 (emphasis added)). The alleged contract of carriage attached as Exhibit H also states, "Carry-On – A passenger may take on piece of carry-on baggage onto the aircraft. A charge may apply for the carry-on bag depending on the ticketed Fare Option." (Doc. # 32-10, p.8). Part A(1) of Rule 220 of Exhibit H notes that "[t]here is <u>no free baggage allowance included with Basic tickets</u>. Baggage fees apply to each checked bag." (Doc. # 32-10, p.8 (emphasis added)). The same holds true for "Economy" tickets. *Id.* The baggage fees are then cross-referenced in Rule 225, which states the fee schedule as follows:

| Charges based on ticket purchase date and travel date | Basic & Economy | Classic | Classic Plus | Summit & Ascent |
|---|---|---|---|---|
| 1st Checked item | USD 20 at FlyFrontier.com online check-in USD 25 at airport check-in | Free | Free | Free |
| 2nd item for tickets purchased on or after June 2, 2013 for travel on or after November 14, 2013 | USD 30 | Free | Free | Free |
| 2nd item for tickets purchased on or after July 21, 2013 for travel on or after January 6, 2014 | USD 30 | USD 30 | Free | Free |
| 2nd item for tickets purchased on or after October 1, 2013 for travel on or after March 24, 2014 | USD 30 | USD 30 | USD 30 | Free |
| 3 or more items for tickets purchased on or after February 17, 2013 for travel on or after July 11, 2013* | USD 75 | USD 75 | USD 75 | USD 75 |
| * Charge applies per item | | | | |

(Doc. # 32-10, p.9).

Plaintiff alleges that Frontier breached the aforementioned "contracts"[1] by charging her the $25.00 fee at the airport for her carry-on bag and by not letting her board the flight until she paid the fee. (Doc. # 32-2, Count V, ¶¶54-55). She further claims undisclosed "Consequential and Compensatory" damages for defamation, false imprisonment and emotional distress arising out of this breach of contract, noting that "[t]he cumulative effect of [these] nonmaterial breaches may be material." (Doc. # 32-2, Count V, ¶54).

On September 4, 2014, Plaintiff filed her initial complaint, alleging discrimination under 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, as well as claims for IIED and defamation under Virginia law. On October 22, 2014, Frontier moved to dismiss Plaintiff's IIED and defamation claims pursuant to Federal Rule of Civil Procedure 12(b)(6), which has been fully briefed by the parties and awaits ruling by the Court. (Doc. # 12). Plaintiff has not amended her complaint to plead any additional allegations pertinent to Frontier's Motion to Dismiss Counts III & IV of Plaintiff's Complaint. (*See* Doc. # 32-1; 32-2). Plaintiff's present motion appears to only seek leave to add two new causes of action under Virginia law[2]: (1) false imprisonment; and (2) breach of contract. *See id.* Because no new allegations impact the IIED and defamation claims subject to Frontier's Motion to Dismiss

---

[1] While it is unclear in Plaintiff's proposed Amended Complaint what provisions she relies on in the attached "contracts" to form the basis of her claim, Frontier raises only lack of breach based upon the purported attachments to her Amended Complaint and improper damages at this time. *See Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 757 (W.D. Va. 2007) ("The complaint is deemed to include any written instrument . . . incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002))). In doing so, Frontier does not concede that any of these documents are "contracts" and explicitly reserves its right to challenge Plaintiff's contract claim on other grounds not currently raised in response to Plaintiff's present motion to amend.

[2] As Plaintiff states in paragraph 1 of her proposed Amended Complaint that she brings her false imprisonment and breach of contract claims under Virginia law, Frontier assumes, without waiving, that Virginia law applies to the issues raised in Plaintiff's complaint solely for the purposes of the present motion.

Counts III & IV of Plaintiff's Complaint, the present response is directed only to Plaintiff's new claims for false imprisonment and breach of contract.

### III. LEGAL STANDARD

A party seeking to amend a complaint after an opposing party has filed a responsive pleading, may do so only with the consent of the opposing party or the court's leave. FED. R. CIV. P. 15(a)(2); *Robert's Farm Equip., Inc. v. William Hackett Chains, Ltd.*, 2011 U.S. Dist. LEXIS 4851, at *9-10 (E.D. Va. Jan. 4, 2011). Although leave to amend a pleading may be liberally granted, the Court will not grant leave where it would be prejudicial to the opposing party, the plaintiff has acted in bad faith, or amendment of the complaint would be futile. *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Scott v. US Bank, NA*, 2010 U.S. Dist. LEXIS 145409, at *5 (E.D. Va. Oct. 13, 2011) ("[A] motion to amend should be denied when the proposed amendment is futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As such, the Court will deny a motion for leave to amend a complaint as futile when the proposed amended complaint would not survive a 12(b)(6) motion to dismiss. *Dozier v. Skalsky*, 2009 U.S. Dist. LEXIS 36149, at *10 (E.D. Va. Apr. 28, 2009) (citing *Donaldson v. U.S. Dep't of Labor*, 930 F.2d 339, 349 (4th Cir. 1991)); *Scott*, 2010 U.S. Dist. LEXIS 145409, at *5 ("The Court may consider substantive issues in assessing futility." (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

To survive a motion to dismiss, a complaint must assert plausible facts that, if accepted as true, provide a basis on which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "demands more than an unadorned, defendant-unlawfully-harmed-me accusation." *Id.* at 678. As such, the Federal Rules do not "unlock the doors of discovery for a plaintiff armed

with nothing more than conclusions." *Id.* at 679. Facts that suggest a "mere possibility" or those that are "merely consistent" with misconduct are not enough to survive a motion to dismiss. *Id.* at 678. In evaluating such motions, courts do not credit a plaintiff's "legal conclusions, [recitations of] elements of a cause of action, and bare assertions devoid of further factual enhancement," and must "decline to consider 'unwarranted inferences, unreasonable conclusions, or arguments'" contained in the complaint. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### IV.    ARGUMENT

#### A.    PLAINTIFF'S FALSE IMPRISONMENT CLAIM FAILS BECAUSE SHE ADMITS THAT SHE WAS NEVER DETAINED.

In Virginia, false imprisonment is defined as "the direct restraint by one person of the physical liberty of another without adequate legal justification." *Whitlock v. Street*, 2012 U.S. Dist. LEXIS 120795, at *16 (E.D. Va. Aug. 24, 2012) (quoting *Jordan v. Shands*, 500 S.E.2d 215, 218 (Va. 1998)); *Smith v. Button*, 43 Va. Cir. 379, 383 (Va. Ct. App. 1997) ("[T]he central element in a false imprisonment action 'is the illegal detention of the person, without lawful process or the unlawful execution of lawful process.'" (citing *Montgomery Ward & Co. v. Wickline*, 50 S.E.2d 387, 389 (Va. 1948))). As such, a plaintiff may establish "a *prima facie* case of false imprisonment when he shows that he was <u>directly and forcibly detained</u>." *Whitlock*, 2012 U.S. Dist. LEXIS 120795, at *16 (emphasis added) (citing *Figg v. Schroeder*, 312 F.3d 625, 642 (4th Cir. 2002)). When a "defendant does not participate in the resulting illegal arrest, the defendant is not liable for false imprisonment." *Id.* at *17 (citing *Smith*, 43 Va. Cir. at 383).

For example, *Kirven v. Super Fresh Food Markets* is instructive. 45 Va. Cir. 198 (Va. Ct. App. 1998). There, plaintiff customer alleged that the defendant store falsely imprisoned him when an employee of the store told him he could not stay in the store. *Id.* at 198. In affirming demurrer of plaintiff's claim for false imprisonment, the court found that, in order to sufficiently state a claim for false imprisonment, there must be some "restraint of that person; that is, a limitation on the person's freedom of movement." As such, the *Kirven* court held:

> In the present case, the only restraint or limitation on plaintiff's freedom of movement was the plaintiff's ability to remain in the store. If this was done because of plaintiff's race, sex, religion, national origin, or other unlawful reason, plaintiff has a cause of action under one or more civil rights laws. The court is unwilling to recognize a cause of action for false imprisonment simply for telling a person to "get out."

*Id.* at 199-200.

Similarly, here, Plaintiff claims that she was falsely imprisoned because she was not allowed to board her flight if she did not pay for her carry-on bag. (Doc. # 32-2, Count VI, ¶57). This is not false imprisonment—there was no confinement, by threat or otherwise. Plaintiff was never detained or barred from leaving the gate area or the airport. Though Plaintiff claims that the gate agent asked someone to call airport security after she continued to refuse to pay the fee, no one ever came to the gate to restrain Plaintiff nor did anyone prohibit Plaintiff from leaving the area. There was simply no restraint—"the only restraint or limitation on plaintiff's freedom of movement was the plaintiff's ability to [board the aircraft]." *See Kirven*, 45 Va. Cir. at 199.

Because Plaintiff was not compelled to remain in an area against her will, her false imprisonment claim fails and her request for leave to amend her complaint must be denied as futile. *See id.*; *see also Smith v. Comair, Inc.*, 134 F.3d 254, 259-60 (4th Cir. 1998) ("[Plaintiff]

Smith's evidence simply does not show that he was compelled either to remain or to go anywhere he did not wish. He conceded that no Comair representative told him that he must remain in any specific part of the airport or that he was not free to leave the airport. Price told Smith only that Comair would not permit him to board the flight out of Cincinnati. Smith was therefore free at all times to leave the airport or leave Cincinnati altogether by any means he could arrange other than a Comair flight. False imprisonment results only if 'the restraint be a total one, rather than a mere obstruction of the right to go where the plaintiff pleases.' . . . Smith's evidence thus fails to support a claim for false imprisonment." (citing W. Page Keeton et al., PROSSER AND KEETON ON THE LAW OF TORTS § 11, at 47 (5th ed. 1984))).

**B.   PLAINTIFF'S BREACH OF CONTRACT CLAIM IS FUTILE BECAUSE FRONTIER DID NOT BREACH THE CONTRACT AND THE DAMAGES SOUGHT ARE NOT RECOVERABLE IN BREACH OF CONTRACT.**

To recover for breach of contract, Plaintiff must present "the existence of [a] duly executed and enforceable agreement[]; performance, or offers to perform in accordance with the terms of the contract[]; that the [defendant] failed to perform under or breach the agreement; that the breaches are the cause of actual damages sustained by plaintiffs; and that those damages are recoverable under Virginia law." *Johnson v. D&D Home Loans Corp.*, 2008 U.S. Dist. LEXIS 24114, at *18-19 (E.D. Va. Jan. 23, 2008) (quoting *Carley Capital Grp. v. Newport News*, 709 F. Supp. 1387, 1396 (E.D. Va. 1989)); *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004).

Here, Plaintiff's proposed Amended Complaint does not set forth any actual breach of the alleged contractual terms by Frontier or properly seek damages recoverable in contract. Therefore, Plaintiff's request for leave to amend her complaint to state a claim for breach of contract must be denied.

10

### 1. Frontier Did Not Breach the Alleged Terms of the Contracts Attached to Plaintiff's Proposed Amended Complaint.

Where a plaintiff fails to cite a particular provision breached by the defendant under the contract or where the factual support for the alleged breach does not follow the actual terms of the contract relied upon for that breach, the claim is improper. *See Reyes v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 104428, at *9-10 (E.D. Va. July 24, 2013). Further, Virginia courts follow the rule that "where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." *Spain v. Mecklenburg County Sch. Bd.*, 2001 U.S. Dist. LEXIS 11217, at *28 (E.D. Va. July 31, 2001) (citing *Westbury Coal Mining P'ship v. J.S. & K. Coal Corp.*, 355 S.E.2d 571, 572 (Va. 1987) (reversing decision of a party who had read into an agreement exclusions which did not exist)). Unsupported legal conclusions arising out of a purported contract fail to state a claim and must be rejected. *E.g.*, *Khair v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 58922, at *15 (E.D. Va. June 14, 2010) ("The Complaint merely states the Plaintiffs' unsupported legal conclusion that [defendant] breached an undefined contractual duty and thereby caused the Plaintiffs some unspecified damage. Such conclusory allegations are insufficient to plausibly state a breach of contract claim against [defendant]."). As such, where "the facts as Plaintiff has alleged them belie the possibility of a breach of contract claim, this claim must be dismissed." *Inman v. Klockner-Pentaplast of Am., Inc.*, 467 F. Supp. 2d 642, 653 (W.D. Va. 2006), *rev'd on other grounds*, 347 Fed. Appx. 955 (4th Cir. 2009).

Here, Plaintiff alleges that Frontier breached its contractual obligations of the documents attached to her complaint by charging her the $25.00 fee at the airport for her carry-on bag. (Doc.

11

# 32-2, Count V, ¶¶54-55). This is false. In actuality, the documents Plaintiff incorporates by reference as the basis for her breach of contract claim explicitly contradict her conclusion that Frontier breached the contract. As further detailed in the statement of facts above, the ticket Plaintiff purchased on August 19, 2013 for travel on September 4, 2013 was indeed a "Basic" ticket by virtue of being purchased through a third-party travel agency, Air World Travel and Train, and not through Frontier's website. (Doc. #32-7, p.2; Doc. #32-9, p.2-3). As such, Plaintiff's ticket was subject to a "$25-$100" fee for her carry-on bag, as the documents Plaintiff relies upon consistently affirm. *Id.* Her reference in Exhibit I to Frontier's change in policy for "Economy" tickets that "came into effect on April 28, 2014" is completely irrelevant to the tickets she purchased nearly 8 months <u>before</u> on August 19, 2013. Despite Plaintiff's conclusory allegation that Frontier breached the attached documents by charging her $25.00, in reality, there simply was no breach at all. The actual terms of the documents attached to her proposed complaint contradict her claim.

     In sum, Plaintiff has failed to properly allege a breach by Frontier of the alleged contractual documents in this matter. Plaintiff cannot simply attach documents that form the basis of her claim and conclude there was a breach, while contemporaneously ignoring the actual terms of those documents in order to manufacture a claim. *See, e.g.*, *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Brown v. Rectors & Visitors of the Univ. of Va.*, 361 Fed. Appx. 531, 534 (4th Cir. Va. 2010) ("The district court did not err because [plaintiff's] complaint contained only conclusory allegations that the Graduate Student Handbook constituted a contract

between himself and [defendant], and that assertion was unsupported by the terms of the Handbook and expressly contradicted by the Graduate Record incorporated therein.").

Accordingly, Plaintiff's request to add her breach of contract claim in her proposed Amended Complaint must be denied. *See, e.g.*, *Cvent, Inc. v. Eventbrite, Inc.*, 739 F. Supp. 2d 927, 938 (E.D. Va. 2010) ("Plaintiff has simply failed to 'plead[] sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct' with respect to its breach of contract claim." (citing *Iqbal*, 556 at 679)); *Keitz v. Unnamed Sponsors of Cocaine Research Study*, 2013 U.S. Dist. LEXIS 144003, at *7 (W.D. Va. Oct. 2, 2013) (denying plaintiff leave to file proposed amended complaint for breach of contract claim where "the plaintiff merely offers conclusory statements that fail to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

### 2. Plaintiff's Alleged Damages Are Not Recoverable In Breach of Contract

In her proposed Amended Complaint, Plaintiff improperly attempts to recover her alleged tort damages under a theory of contract liability. Specifically, Plaintiff claims that as a result of Frontier's breach of the contract, she "suffered substantial harm because Frontier's agent defamed [her] as a result of her actions, even though they were in breach of Frontier's policies. Mrs. Swift suffered serious emotional distress as highlighted above. The cumulative effect of nonmaterial breaches may be material." (Doc. # 32-2, Count V, ¶54).

First, it must be noted that Plaintiff admits in her own Amended Complaint that the damages she seeks arise from "nonmaterial breaches" of the alleged contract. But in Virginia, a breach <u>must</u> be "material"—i.e., "something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Johnson*, 2008 U.S. Dist.

LEXIS 24114, at *19. There is simply no case law that supports Plaintiff's proposition that "nonmaterial breaches" can be the equivalent to a material breach. Her theory must be rejected.

Second, Plaintiff improperly attempts to cloak her tort damages (i.e., defamation, false imprisonment, and IIED) under a breach of contract theory. But Virginia courts have long held that a plaintiff cannot recover for tort-based injuries in a contract action: "The law of torts is well equipped to offer redress for losses suffered by reason of a 'breach of some duty imposed by law to protect the broad interests of social policy,' but it is 'not designed, however, to compensate parties for losses suffered as a result of breach of duties assumed only by agreement.'" *Sanders v. UDR, Inc.*, 2010 U.S. Dist. LEXIS 106567, at *10 (E.D. Va. Oct. 4, 2010) (citing *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 374 S.E.2d 55, 58 (Va. 1988)); *accord Streza v. Bank of Am.*, 2014 U.S. Dist. LEXIS 105915 ("[A]bsent some tort, damages for humiliation or injury to feelings are not recoverable in an action for breach of contract." (quoting *Sea-Land Serv., Inc. v. O'Neal*, 297 S.E.2d 647, 653 (Va. 1982)).

Accordingly, Plaintiff's attempt here to recast her false imprisonment, IIED, defamation, and discrimination claims in breach of contract must be rejected, because such damages are not recoverable in contract under Virginia law. As succinctly recognized by the Virginia Supreme Court:

> To allow [plaintiff] to recover damages for humiliation and embarrassment on his breach of contract claim would not only let [her] recover damages based solely on speculation, but it would also let [her] recover the same damages twice — once on a contract theory and once on a tort [defamation] theory. We refuse to permit such a recovery.

*Isle of Wight County v. Nogiec*, 704 S.E.2d 83, 87 (Va. 2011) ("'As a general rule,' we have stated, 'damages for breach of contracts are limited to the pecuniary loss sustained.'" (internal

14

citations omitted)); *accord Mekbib v. United Airlines, Inc.*, 1988 U.S. App. LEXIS 19971, at *3-4 (4th Cir. Sept. 26, 1988) ("In Virginia, damages on a breach of contract claim are limited to pecuniary loss resulting from the breach that was reasonably contemplated by the parties at the time the contract was executed. Since [plaintiff passenger] would be able to recover, at most, the cost of his ticket were he to prevail on his breach of contract claim, the district court properly dismissed this claim as failing to meet the jurisdictional mount required for a diversity action. (citing *A & E Supp Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F. 2d 669, 671 (4th Cir. 1986); *E. I. Dupont de Nemours & Co. v. Universal Moulded Prods. Corp.*, 62 S.E.2d 233 (Va. 1950))). If Plaintiff is to recover any damages for her torts at all (and she should not), she must plead and prove those claims separately, which she has failed to do. As such, Plaintiff's request for leave to add her breach of contract claim to attempt to recover these damages twice must be denied.

## V. CONCLUSION

WHEREFORE, Defendant Frontier Airlines, Inc. respectfully requests that this Court deny Plaintiff's Motion for Leave of Court to Amend Complaint, dismiss the proposed Counts III, IV, V, and VI of her Amended Complaint with prejudice, and grant any further relief the Court deems just and proper.

Dated: December 23, 2014                Respectfully submitted,


/s/ _____
Sarah E. Moffett (VA Bar No. 72208)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone: (703) 647-5930
Facsimile: (703) 647-5980

Email: sarah.moffett@leclairryan.com

- and –

Paula L. Wegman (*pro hac vice pending*)
Steven L. Boldt (*admitted pro hac vice*)
ADLER MURPHY & MCQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-9860
Email: sboldt@amm-law.com
Email: pwegman@amm-law.com

***Attorneys for Frontier Airlines, Inc.***


## CERTIFICATE OF SERVICE

I hereby certify that, on December 23, 2014, I served the following via electronic case filing:

Stephen Christopher Swift
Swift & Swift, Attorneys at Law, P.L.L.C.
21 Eisenhower Avenue
Suite 200
Alexandria, VA 22314
*Attorneys for Plaintiff*

/s/_____
Sarah E. Moffett