IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHARITY CHIDINMA             )
EMERONYE SWIFT,              )
                            )
            Plaintiff,       )
v.                           )        Civil Action No.  1:14-cv-1139 (AJT/IDD)
                            )
FRONTIER AIRLINES, INC., *et al.*,   )
                            )
            Defendants.      )
_____)

## ORDER

Presently pending before the Court is defendant Frontier Airlines, Inc.'s Motion to Dismiss Counts III & IV of Plaintiff's Complaint [Doc. No. 10] (the "Motion").  Upon consideration of the Motion and the memoranda in support thereof and in opposition thereto, the Motion is GRANTED.

In order to survive the 12(b)(6) motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 570 (2007)).  In considering a 12(b)(6) motion, the Court must also read the complaint as a whole and construe the complaint in the light most favorable to the plaintiff.  *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.  Conclusory statements that are a mere recitation of the elements of a cause of action do not meet this standard.  *Id.*  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Twombly,* 550 U.S. at 555. Defendant Frontier Airlines, Inc. challenges the legal sufficiency of Count III, alleging intentional infliction of emotional distress ("IIED") and Count IV, alleging defamation.

With respect to Count III, the Court has reviewed the factual allegations and concludes that they do not plausibly allege, as required under governing Virginia law, conduct so outrageous or extreme as to constitute intentional infliction of emotional distress. *See Hatfill v. New York Times Co.*, 416 F.3d 320, 336 (4th Cir. 2005) (limiting liability for IIED only to conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (quoting *Russo v. White,* 400 S.E. 2d 160, 162 (Va. 1991))).

With respect to Count IV, the Court also concludes that the complaint fails to plausibly allege facts sufficient to state a claim for defamation. In that regard, plaintiff alleges defendant Jane Doe defamed plaintiff by implying that plaintiff had committed a crime, was disturbing the peace, or was a security threat. [1]

Under Virginia law, statements that "impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished" are actionable as defamation *per se*. *Id.* at 330. "Defamatory statements may include statements made by inference, implication, or insinuation." *Hyland v. Raytheon Technical Servs. Co.*, 670 S.E. 2d 746, 750 (Va. 2009). Courts "should consider not only the words themselves but also the inferences fairly attributable to them." *Hatfill*, 416 F.3d at 331. The Court has examined the specific statements alleged to support plaintiff's defamation claim, within the

---

[1] Specifically, plaintiff alleges after a dispute and confrontation arose over whether plaintiff needed to pay a $25 baggage fee the Jane Doe gate agent defamed her by making two statements: (1) "I will call the airport security police to come and arrest you"; and (2) "can someone call me an airport security police?"

overall context of the circumstances alleged, and after drawing every reasonable inference in plaintiff's favor, concludes that the statements alleged are legally insufficient to support the claim that those by-standers who heard the alleged statements would have understood them as imputing to the plaintiff the commission of a crime of moral turpitude.

For the above reasons, it is hereby

ORDERED that defendant's Motion to Dismiss Counts III & IV of Plaintiff's Complaint [Doc. No. 10] be, and the same hereby is, GRANTED and Counts III and IV are DISMISSED.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
December 31, 2014