# EXHIBIT

# 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CHARITY CHIDINMA**<br>**EMERONYE SWIFT,** )<br>)<br>) | |
| )<br>**Plaintiff,** ) | |
| v. ) | **Civil Action No. 1:14-cv-1139** |
| ) | |
| **FRONTIER AIRLINES, INC.** )<br>**(a Colorado corporation)** )<br>**and JANE DOE,** ) | **Hon. Judge Anthony J. Trenga**<br>**Hon. Magistrate Judge Ivan D. Davis** |
| ) | |
| **Defendants.** )<br>) | |
| _____) | |

**PLAINTIFF CHARITY CHIDINMA EMERONYE SWIFT'S RESPONSES TO**
**DEFENDANT FRONTIER AIRLINES, INC.'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

**INTERROGATORIES**

**GENERAL OBJECTION:**   Plaintiff objects that the total number of Interrogatories, *including subparts*, exceeds the 25 allowed by Rule 32(a)(1) of the Federal Rules of Civil Procedure.

1.    State your full name, all other names by which you are known, your current residential address, date of birth, marital status, driver's license number and issuing state, social security number and the name and address of each person assisting or participating in answering these Interrogatories.

   **ANSWER:**

   Charity Chidinma Emeronye Swift: Married: Business Address: 2121 Eisenhower Avenue, Suite 200. VA 22314-4688. Tel: (703) 717-0126. Plaintiff objects to providing her residential address. date of birth. driver's license. social security number on the basis that. (a) request exceeds scope of discovery under Rule 26.       (b) requested information is not relevant to Defendant's defense. (c) discovery does not appear to be reasonably calculated to lead to the discovery of admissible evidence. and (d) discovery will violate Plaintiff's rights to privacy and is calculated to oppress Plaintiff.

2.    State the full name, current residential address, phone number and email address      of each and every person who has knowledge of the fact of the incident and/or the injuries and

damages claimed to have resulted therefrom, together with the nature and subject matter of each person's knowledge.

**ANSWER:**

Stephen Christopher Swift. Business Address: 2121 Eisenhower Avenue. Suite 200, VA 22314-4688. Alexandria. VA 22314-4688.   Telephone: 703-418-0000.   E-Mail: steve@swift.law.pro.   See Answer to Interrogatory 1 regarding residential address.

3.     Describe the precise nature of all physical and mental pain, suffering, disability, incapacity, distress and anguish you claim to have suffered as a result of the Incident. If you claim that any injury is permanent, describe the nature of such permanent condition(s) and the health care professional(s) who diagnosed you with a permanent condition, if any.

**ANSWER:**

Emotional Distress. embarrassment. humiliation. insults. sense of being ridiculed in public with so many people watching. anger. sense of helplessness and dehumanization I felt due to Jane Doe's unbridled intentional hostility without any justifiable reasons. threats, intimidation and reckless disregard for my rights. Sleeplessness. mental anguish. nightmares regarding what would have happened had the police arrested me as Jane Doe requested and mental anguish at every recurring thought of the incident of September 4, 2013.

4.     As the result of the Incident, do you claim you were you unable to work? If so, please state the name and address of your employer(s), if any, at the time of the Incident through present; the date or inclusive dates on which you were unable to work; the amount of wage and/or income loss claimed by you and the basis for calculating this amount; and the name and address of the health care professional(s), if any, who ordered or otherwise recommended that you not return to work.

**ANSWER:**

No. Plaintiff believes she did not claim to have been unable to work. Plaintiff claims that after the incident. because of the emotional distress. sleeplessness. and mental anguish (as described in 3 above). she suffered due to the incident. and the recurrent reminders of the horrible experience. including the horrifyingly frightening thought of what would have happened to me had the police came and arrested me. left me with less mental and physical energy as I usually had, prior to and but for the incident and the effects it had on me, to carry out my work.

5.     With regard to any alleged psychiatric, psychological and/or emotional injuries as a result of the Incident, as alleged in your Complaint, please state the name of any psychiatric, psychological and/or emotional injury claimed; the name and address of each health care professional rendering you treatment for each injury; the date or inclusive dates on which each of them rendered you service; and the amounts to date of their respective bills for

services.

**ANSWER:**

Plaintiff believes she did not allege or claim any psychiatric or psychological injuries in her complaint and she did not seek any psychiatric or psychological treatment. For emotional injuries, Plaintiff objects as this request is cumulative – See 3 and 4 above.

6.   Have you suffered any psychiatric, psychological and/or emotional injury prior to the date of the Incident? If so, please state the name of such prior psychiatric, psychological and/or emotional injury; the date or inclusive dates on which you received treatment; and the name and address of each health care professional rendering you treatment for each prior injury.

**ANSWER:**

No, Plaintiff has not suffered any psychiatric or psychological injury prior to the date of the incident. Yes, Plaintiff has previously suffered emotional injury prior to the incident during her bereavement on the passing of her mother.

7.   Identify all medical providers seen by you from two (2) years prior to the Incident (i.e., January 1, 2011) to the present, including, but not limited to, general physicians, specialists, gynecologists, neurologists, therapists, counselors, psychologists, psychiatrists, and chiropractors, and all hospital admissions during this timeframe including the reason(s) for each.

**ANSWER:**

Plaintiff objects on the basis that, (a) request exceeds scope of discovery under Rule 26, (b) requested information is not relevant to Defendant's defense, (c) discovery does not appear to be reasonably calculated to lead to the discovery of admissible evidence, and (d) discovery will violate Plaintiff's right to privacy and Defendant's request is calculated to oppress and Plaintiff.

8.   Have you ever filed any other lawsuits, engaged in administrative proceedings, and/or otherwise filed a claim for your own injuries of whatever nature, including, but not limited to, claims for discrimination or defamation? If so, state the nature of the injuries claimed, the date of the alleged incidents(s), the description of the alleged incident or incidents, the courts and the captions in which filed, the years filed, and the titles and docket numbers of the suits, and the amount you recovered, if any, for your claim.

**ANSWER:**

Yes, Plaintiff filed an employment discrimination (lack of promotion after asked to train white employees who got promoted over her) charge against her then employer, CACI International about 1999/2000, that contracted Plaintiff to work for the Department of Justice. The Caption is Charity Emeronye v. CACI International. The case was in the U.S. District Court for the District of Columbia. Plaintiff does not know the docket number. Plaintiff objects to the inquiry as to the amount recovered, as the settlement agreement

requires her to keep it confidential.

9.   Have you received any payment and/or other consideration from any source in
     compensation for the injuries alleged in your Complaint? If so, state the amount of such
     payment and/or other consideration received, the person making such payment or providing
     other consideration, the reason for the payment and/or other consideration, and the specific
     date(s) on which you received each payment and/or other consideration.

     **ANSWER:**

     No. to Plaintiffs best recollection, she has not received any payment and/or consideration
     regarding her complaint.

10.  Have you written any statement, email, diary entry, correspondence, note, or any other form
     of writing regarding, relating to, related to, or describing the Incident? If so, identify the
     date of the writing, the form of the writing, the current location of the
     writing, and the name of the person or entity that has possession of or is maintaining the
     writing.

     **ANSWER:**

     No. to Plaintiffs best recollection. she has not written any statement. email. diary entry.
     correspondence. note. or any other form of writing regarding. relating to. or describing the
     incident. except emails. correspondence. with Defendant's counsel. her complaints.
     motions and briefs which she already has. her complaints. motions and briefs which
     Defendants already possess, and privileged correspondence between Plaintiff and her
     attorneys.

11.  Have you ever been convicted of a misdemeanor involving dishonesty, a false statement or
     a felony? If so, state the nature thereof, the date of the conviction, and the court and the
     caption in which the conviction occurred. For the purpose of this Interrogatory, a plea of
     guilty shall be considered as a conviction.

     **ANSWER:**

     No. to the best of Plaintiff's knowledge. she has not been convicted of a misdemeanor
     involving dishonesty, a false statement or a felony.

12.  Identify all social networking, social media, blog, or other internet sites that you are or
     were a member of, used, or posted on, on or after January 1, 2013, including, but not
     limited to, Facebook, MySpace, Google Buzz, LinkedIn, Twitter, Flickr, YouTube,
     LiveJournal, Blogster, My Opera, Open Diary, Tumblr, Instagram, and/or WordPress. If so,
     state your respective dates of membership and identify any and all posts, photographs,
     and/or entries relating to the Incident, your alleged injuries, and/or any preexisting injuries.

     **ANSWER:**

     Plaintiff is not a member of. and is not on any social networking, social media, blog, or
     other internet sites including those listed above.

13.  Please describe the categories of damages you are seeking (e.g.. compensatory. etc.).
     state the amount of damages you are seeking for each category, and identify all documents

that support your claim for damages, including your method of calculating or determining said alleged damages.

**ANSWER:**

Please refer to Plaintiff's complaint. Plaintiff believes her complaint adequately described the categories of damages she is seeking.

14.    State all facts and identify all documents that support your contention that Jane Doe "unlawfully and intentionally, with malice, set out to discriminate, humiliate, and inflict emotional distress on Plaintiff, [and] hated her because of who she was, her color, and national origin" as alleged in Counts I, II, III, and IV of your Complaint.

**ANSWER:**

Please see facts in Plaintiff's complaints, briefs, motions and documents attached to them which Defendants are in possession of. Plaintiff believes these adequately answer to Defendant's interrogatory 14 above.

15.    Do you contend that Jane Doe acted with a discriminatory intent when she said "[y]ou have to pay twenty-five dollars before you can board," as set forth in Paragraph 15 of your Complaint? If so, state all facts and identify all documents that support your contention.

**ANSWER:**

Jane Doe did not just say "you have to pay…", she demanded, by intimidation and threat of an arrest, that Plaintiff pay, and Plaintiff did pay twenty-five dollars. Jane Doe made no such demand on Plaintiff's husband even though he was similarly situated as Plaintiff in all respects, regarding their travel with Frontier. Please refer to detailed facts in Plaintiff's complaint, briefs, motion, etc. in your possession.

Plaintiff claims that Jane Doe's decision to charge her for her carry-on and not charge her husband even though both were similarly situated in all relevant respects, as passengers on same flight, was discriminatory and that it was intentional, willful, and reckless without regard to whether or not she was violating Plaintiff's rights. Plaintiff is a black female and her husband is a white male. Jane Doe knew these facts in the circumstances, because Plaintiff in fact, informed Jane Doe that Stephen was her husband and asked her why she (Jane Doe) did not charge her husband too? But Jane Doe gave Plaintiff no answers, including her reason(s) for charging Plaintiff, despite Plaintiff's questions to that effect. Plaintiff's husband was never asked to pay and he was free to board the plane, but Plaintiff was not.

16.    Identify with specificity the crime you contend Jane Doe accused you of having committed, and state all facts and identify all documents that support your contention.

**ANSWER:**

Plaintiff believes the issue of defamation to which this question relates to, is moot and irrelevant now, as the court has dismissed that count. However, Plaintiff claims that Jane Doe, insinuated by innuendo that she must have done something wrong or illegal warranting the police, because one does not ordinarily call the police to arrest someone, for no wrong doing.

17.   Explain in detail your understanding of Frontier's carry-on baggage fees and policies that were in force and effect on the date of the Incident, and identify all documents that support your understanding, the dates or inclusive dates of when you reviewed such documents, and whether you reviewed such documents or developed your understanding prior to the date of the Incident.

   **ANSWER:**

   Plaintiff believes Defendant and its counsel know what Frontier's carry-on baggage fees and policies that were in force and effect on the date of the Incident, as it is their own fees and policies, they are in the best position to know what the policies were, and do not need Plaintiff to explain it to them. Further, Defendant's counsel should refer to her earlier unsolicited email and attachment and her explanation sent to Plaintiff regarding this.

18.   State all facts and identify all documents that support your contention that no other passenger on Frontier Airlines Flight 720 paid a fee for any carry-on baggage, as alleged in Paragraph 20 of your Complaint.

   **ANSWER:**

   Plaintiff claims that from the time Jane Doe refused to allow her to board, and asked her and her husband to step aside from the line, she observed that no one who boarded the plane from that time, was not asked by Jane Doe or anyone, to pay before boarding. Plaintiff observed that they were all white, and that she was the only black woman and person on Frontier Airlines Flight 720.

19.   Please describe all items that were in your and your husband's respective possession at the time of the Incident, including, but not limited to, purses, suitcases, laptop bags, coats, etc.

   **ANSWER:**

   Plaintiff and her husband had one carry-on luggage each. In addition to his carry-on, Plaintiff's husband was in possession of Plaintiff's native head-tie (in a Macy's plastic bag) brought as part of her attire for the wedding that was the reason for their travel. In addition to her carry-on, Plaintiff was in possession of a small Lancome tote bag.

20.   At any point during the Incident did Jane Doe, or any other Frontier employee, make any reference to the color of your skin, race, or national origin? If so, identify the statement(s) in detail, the context surrounding the statement(s), and state all facts and identify all documents that support your contention.

   **ANSWER:**

   Plaintiff objects on the basis that it is irrelevant. However, to Plaintiff's knowledge, Jane Doe did not make any reference to the color of Plaintiff's skin, race, or national origin. Jane Doe did not have to make any such reference as the statutes she violated do not require that she do so. Also, Plaintiff does not believe that the law requires her to prove that Jane Doe made such reference in order to make a case against her for intentional discrimination under the discrimination counts in her complaint. Plaintiff claims, Jane Doe, angrily, rudely and with intent to humiliate and ridicule her, asked her with a loud voice "don't you understand

English" based on a perceived accent. Please refer to Plaintiff's complaints, motions, briefs documents attached to them which Defendants already have in their possession, as they adequately state the facts.

21.    Identify with specificity all flights you have taken from January 1, 2011 to present, including, but not limited to, what airline(s) you flew, the dates you flew, the origin and destination of such flights, all persons with whom you traveled, and identify all documents relating to these flights.

**ANSWER:**

Plaintiff does not keep records of all the flights she has made after she has made them and cannot recall them as there has been no need in the past to retain such records as with the flight with Defendants. Plaintiff and her husband travel with any local or international airline that can accommodate their travel time and date schedule.

22.    Identify all documents reflecting any contractual relationship between Plaintiff and Defendant Frontier Airlines, Inc., and identify with specificity the contractual provision(s) you claim was or were breached by Frontier, if any, including all facts that form the basis of the claimed breach(es).

**ANSWER:**

Plaintiff's main and key document reflecting her contractual relationship with Defendant is her air fare ticket (See exhibit A to her first complaint and amended complaint) and as produced in Defendant's request for production of documents.   Frontier also has on its internet website, other documents that relate to its relationship with all its passengers including Plaintiff, but not limited to its carriage policies including, including sale of beverages and carry-on fees that it has made public and clearly intended to bind its passengers as Defendants own counsel claimed in her email to Plaintiff explaining that Frontier had right to charge Plaintiff the fee, and in their brief in support of that right to charge Plaintiff for her carry-on. Please see Plaintiff's exhibit E-I attached to her amended complaint which Defendant has possession of, that Plaintiff cited to rebut, Defendants right to charge contention, and to contrast with the actual type of fare ticket Plaintiff had, and to prove that Defendant did not have the right to charge Plaintiff at the time it did, based on their own policy documents because Plaintiff's ticket was "Economy" ticket as opposed to "Basic" as Defendant's claimed it was.

23.    Identify the third party travel agent you used to purchase tickets for the Frontier flights described in your Complaint, including its address, phone number and names of all personnel with whom you dealt for purposes of scheduling the flights described in your Complaint.

**ANSWER:**

Air World Travel, 6969 Richmond Highway, Suite 102, Alexandria, VA 22306: 703-660-9160.

24.    From 2010 to the present have you been, or are you presently, a member of any airline mileage, frequent flier or other reward programs? If so, identify every airline and your membership and/or frequent flier number for each of them.

**ANSWER:**

Yes. I am a member of United Mileage Plus, and Southwest Rewards program. Plaintiff objects request for her frequent flier number on the basis that (a) request exceeds scope of discovery under Rule 26, (b) requested information is not relevant to Defendant's defense, (c) discovery does not appear to be reasonably calculated to lead to the discovery of admissible evidence, and (d) discovery will violate Plaintiff's right to privacy and is calculated to oppress Plaintiff.

Dated: January 20, 2015

Respectfully submitted,

Charity Chidinma Emeronye Swift
Plaintiff

Stephen Christopher Swift
Swift & Swift, Attorneys at Law, P.L.L.C.
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia 22314-4688
Telephone: (703) 418-0000
Facsimile: (312) 345-9860
E-mail: steve@swift.law.pro

**Attorney for Plaintiff**
**Charity Chidinma Emeronye Swift**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2015, I served Plaintiff Charity Chidinma Emeronye

Swift's Responses to Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff, via electronic

transmission (e-mail) to:


Paula L. Wegman
E-mail::pwegman@amm-law.com
Steven L. Boldt
E-mail: sbolt@amm-law..com
Adler Murphy & McQullien, LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603

Sarah E. Moffet
E-mail: sarah.moffett@leclairryan.com
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314


*Stephen C. Swift*
_____
Stephen Christopher Swift