# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARITY CHIDINMA** ) | |
| **EMERONYE SWIFT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 1:14-cv-1139 |
| ) | |
| **FRONTIER AIRLINES, INC.** ) | Hon. Judge Anthony J. Trenga |
| (a Colorado corporation) ) | Hon. Magistrate Judge Ivan D. Davis |
| and **JANE DOE,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF CHARITY CHIDINMA EMERONYE SWIFT'S RESPONSES TO DEFENDANT FRONTIER AIRLINES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND OTHER THINGS TO PLAINTIFF**

**PRODUCTION REQUESTS**

1. All documents identified in your answers to Defendant Frontier Airlines, Inc.'s First Set of Interrogatories to Plaintiff.

   **RESPONSE:**

   Please see attached Exhibits A-I.

2. All statements, whether oral, written or court reported, signed or unsigned, from any person who witnessed or claims to have witnessed the Incident or who was present at the scene of the Incident, at the time of or immediately prior or subsequent to said Incident, or who has or claims to have knowledge of any of the facts of the occurrence specified in the Complaint.

   **RESPONSE:**

   Plaintiff has no knowledge of the existence of such report or possession.

3. Complete, unedited and unabridged copies of any and all accident or incident reports prepared in conjunction with the Incident, including, but not limited to, governmental reports, investigating agencies' reports, police reports, fire department reports, etc.

**RESPONSE:**

Plaintiff has no knowledge of the existence of such incident reports or possession.

4. Any and all investigators' reports or memoranda, including, but not limited to, reports reflecting conversations with witnesses, parties or anyone having knowledge or claiming to have knowledge regarding the factual allegations in Plaintiffs Complaint.

    **RESPONSE:**

    Plaintiff has no knowledge of the existence of any such investigator's reports or possession.

5. Each and every exhibit, model, diagram, picture, motion picture, video tape, reconstruction, computer reconstruction, slide, graph, chart, sketch, drawing, or other graphic or tangible reproduction or representation of any person, object or scene which is, or may be, involved in, related to or relating to the Incident.

    **RESPONSE:**

    Plaintiff has no knowledge of the existence of any of the above described things or possession.

6. All documents relating to any physical health condition or mental health condition suffered by you as a result of the Incident, including, but not limited to, records and bills of physicians and other health care professionals, hospital records, photographs, x-rays and other graphic test results.

    **RESPONSE:**

    Please refer to Plaintiff's answer to Defendant's interrogatories 5, 6, and 7.

7. All statements, emails, diary entries, correspondence, notes, and any other form of writing prepared by you regarding, relating to, related to, or describing the Incident.

    **RESPONSE:**

    Please refer to Plaintiff's answer to Defendant's interrogatories 10.

8. If you are asserting a claim for lost income and/or wages, produce signed copies of your income tax returns, including, but not limited to, all schedules, W-2s, K-ls, 1098s, 1099s, and all amendments/revisions to the same, and all other supporting documentation, for the years 2008 to present.

**RESPONSE:**

Plaintiff believes that she has not made a claim for lost income. However, Plaintiff has expended many hours that she otherwise would have spent on her work.

9. All statements of every person who witnessed or claims to have witnessed any physical health condition or mental health condition which you allege to have suffered as a result of the Incident.

   **RESPONSE:**

   Plaintiff's husband witnessed the impact the incident had on Plaintiff.

10. All releases, assignments, and settlement agreements (of any kind) entered into by you that are related to the Incident.

    **RESPONSE:**

    Plaintiff has no knowledge of such settlement agreement, except the proposed settlement agreement Defendant's counsel recently sent to Plaintiff, which plaintiff did not enter into and/or execute.

11. All photographs, slides, motion pictures, videotapes, or other photographic reproductions taken subsequent to the alleged Incident of the Plaintiff, the scene of the Incident, and/or other persons or physical objects involved at the scene of the Incident.

    **RESPONSE:**

    Plaintiff has no knowledge of such as listed above, and has no possession of same.

12. All documents relating to all out-of-pocket expenses and other pecuniary losses alleged to have resulted from the Incident, including, but not limited to, bills for medical services rendered, receipts given for payments made, verifications of lost wages and earnings.

    **RESPONSE:**

    Plaintiff has no documents relating to medical services relating to the incident. Please see response to 6 above.

l3. All documents relating to any citations, warnings, disciplinary actions, and/or legal proceedings regarding your job performance and/or employment history.

    **RESPONSE:**

    Plaintiff cannot recall, any such citations, warnings, or disciplinary actions. Regarding legal proceedings, please see answer to interrogatory 8.

14. All documents related to any and all prior lawsuits, workers' compensation claims, administrative proceedings and/or other claims relating to any personal injuries, including, but not limited to, emotional injuries, discriminatory treatment, and

    defamatory injuries, you may have suffered or alleged to have suffered.

    **RESPONSE:**

    Plaintiff retained none of documents relating to her prior lawsuit against CACI as they became useless to Plaintiff. Defendant however, has other avenue of getting documents relating to that case – public records. Please see Plaintiff's response to 6 above and interrogatory 3.

15. All documents relating to any contact or communication between you and representatives, agents, supervisors, and/or employees of Federal Aviation Administration, the National Transportation Safety Board, any and all federal or state law enforcement departments or agencies, media outlets, or any other person, other than your attorneys, in connection with or related to the Incident.

    **RESPONSE:**

    Plaintiff had no communications with any of the above listed other than my attorneys related to the incident.

16. Each and every treatise, article, abstract, journal, textbook, paper, text, encyclopedia or other literature, report, note, memoranda, document, or material pertaining to the allegations in your Complaint.

    **RESPONSE:**

    Plaintiff has provided in her briefs citation of all cases and or any relevant paper that Plaintiff believed relevant to her complaint. The statutes relevant to Plaintiff's complaint is no less accessible to Plaintiff than it is to Defendant.

17. Copies of reports from all expert witnesses you have retained in this matter, including each expert's most recent curriculum vitae, a list of publications authored, and a list of cases in which each expert has been retained to give expert testimony in the past ten (10) years, including the case caption, date filed, and the nature of case, testimony provided, and disposition.

    **RESPONSE:**

    Plaintiff has no knowledge of any such expert witness reports as Plaintiff has not retained any expert witness regarding this incident.

18. Any and all reports, memoranda, correspondence, bills, invoices or other documents, of any kind or type, from any person, partnership, corporation or other entity, who will or may render opinion testimony at trial.

    **RESPONSE:**

    Plaintiff has no knowledge of any such reports or memoranda etc., as listed above as Plaintiff has not consulted or retained such person or entities as listed above.

19. All insurance policies that provide coverage and/or benefits to you in relation to the Incident.

    **RESPONSE:**

    Please has no insurance policies in relation to the incident.

20. All documents and communications related to your purchase, booking, and/or reservation of all flights identified in your Complaint.

    **RESPONSE:**

    Plaintiff has no knowledge of or possession of any such documents except her air fare ticket as attached to her complaint as exhibit A.

21. Each and every document regarding or referring to any and all other costs, out-of-pocket expenses, monetary expenses, incurred as a result of the Incident alleged in your Complaint, including, but not limited to, bills, expense statements, estimates, receipts, insurance claim forms, etc.

    **RESPONSE:**

    Plaintiff believes she did not make any such claims as above in her complaint.

22. Any and all documents referring to or regarding medical and hospital expenses incurred as a result of the alleged Incident, including, but not limited to, bills, invoices, receipts, insurance claim forms, etc.

    **RESPONSE:**

    Please refer response 6 above and Plaintiff's answer to Defendant's interrogatories 5, 6, and 7.

23. Any and all of your medical records and bills for the years 2003 to present relating to physical, mental or health conditions that are of the same or similar type that you are alleging resulted from the Incident.

    **RESPONSE:**

    Please refer response 6 above and Plaintiff's answer to Defendant's interrogatories 5, 6, and 7.

24. Any and all of your employment records, including, but not limited to, applications for employment, letters of reference, evaluation reports, correspondence, memoranda, time records, medical reports and medical claims records covering the period 2010 to the present.

**RESPONSE:**

Please refer to response 6, 13, above and Plaintiff's answer to Defendant's interrogatories 5, 6, and 7.

25. Any and all photographs, movies and/or videotapes taken of the Incident or of the scene of the Incident or of the persons and/or objects involved in the Incident.

    **RESPONSE:**

    Please refer to Plaintiff's response to 11 above.

26. Any and all photographs, movies and/or videotapes taken of the Plaintiff since the date of the Incident.

    **RESPONSE:**

    Please refer to Plaintiff's response to 11, and 25 above.

27. Any and all travel records and related documents of the Plaintiff since the date of the Incident and two (2) years prior thereto (i.e., since January 1,2011).

    **RESPONSE:**

    Plaintiff has no retained records, because she habitually throws them away after her travels and she never had reason to retain them as she did, after her travel records with Defendant because of the incident.

28. Any and all health club records and related documents of the Plaintiff since the date of the Incident and two (2) years prior thereto (i.e., since January 1, 2011).

    **RESPONSE:**

    Plaintiff has no knowledge of any such records and has no possession of such.

29. All profiles, postings, status updates, comments, and messages made by you on any social networking site, including, but not limited to, Facebook, MySpace, Google Buzz, LinkedIn, Instagram, and/or Twitter, from January 1, 2010 to present which in any way describe or relate to the Incident, any injuries allegedly suffered therefrom, or your physical and mental condition.

**RESPONSE:**

Please refer to Plaintiff's answer to Defendant's interrogatory 12.

30. All postings, entries, diaries, descriptions, captions, notes, and/or comments made by you on any blog or web-based journal site, including, but not limited to, LiveJournal, Blogster, My Opera, Open Diary, Tumblr and/or WordPress, from January **1,** 2010 to present, which in any way describe or relate to the Incident, any injuries allegedly suffered therefrom, or your physical and mental condition.

    **RESPONSE:**

    Please refer to Plaintiff's answer to Defendant's interrogatory 12, and response to document request 30 above.

31. All photographs and/or videos of Plaintiff posted by you or in which you were "tagged" or otherwise identified on any social networking site, including, but not limited to, Facebook, MySpace, Google Buzz, Instagram, LinkedIn, Twitter, Flickr, and/or YouTube, from January 1, 2010 to present, which in any way describe or relate to the Incident, any injuries allegedly suffered therefrom, or your physical and mental condition.

    **RESPONSE:**

    Please refer to Plaintiff's answer to Defendant's interrogatory 12, and response to document request 30 above.

32. A list identifying each and every statute, ordinance, regulation, by-law, standard or other guideline of any foreign, federal, state or local government, or government affiliated organization or of any professional, licensing or review authority which Plaintiff, Plaintiffs counselor any witness on her behalf may use during trial.

    **RESPONSE:**

    All statutes, ordinances, regulations, etc. as requested above are those Plaintiff cited in her complaints, pleading, motions and briefs which Defendant already has possession of.

33. Any and all depositions, courtroom testimony or statements that may be used by the Plaintiff in the cross-examination of any witness in this case, including, but not limited to, Defendant Frontier Airlines, Inc.'s witnesses.

    **RESPONSE:**

    Plaintiff has no knowledge of the existence of any of the above requested documents or possession.

34. Any and all documents you or anyone acting on your behalf received pursuant to subpoena(s), Freedom of Information Act request(s), and/or otherwise obtained by you in any way related to the Incident.

**RESPONSE:**

Plaintiff has no knowledge of the existence of any of the above requested documents or possession.

35. All correspondence, emails, documents, records, forms, pleadings, submissions, applications, requests and any other material submitted by you or your representatives to the U.S. Government or any of its departments or agencies related to any claim you presented related to the Incident.

    **RESPONSE:**

    Plaintiff has no knowledge of the existence of any of the above requested documents or possession.

36. All documents reflecting Defendant Frontier Airlines, Inc.'s carry-on bag policies and fees that you contend were violated in this matter.

    **RESPONSE:**

    Please refer to Plaintiff's response to document request 1.

37. All documents reflecting any contractual relationship between Plaintiff and Defendant Frontier Airlines, Inc.

    **RESPONSE:**

    Please refer to Plaintiff's answer to Defendant's interrogatory 22.

38. The items in your and your husband's possession on the date of the Incident identified in your answer to Interrogatory No. 19 of Frontier's First Set of Interrogatories to Plaintiff.

    **RESPONSE:**

    Please refer to Plaintiff's answer to Defendant's interrogatory 19.

39. To the extent not otherwise produced, all documents in your possession related to the Incident.

    **RESPONSE:**

    Plaintiff believes Defendant has all document generated in relation to this incident. Please refer to Plaintiff's response to document request 1.

40. To the extent not otherwise produced, all documents which you believe in any way support your allegations and/or claims against Defendant Frontier Airlines, Inc., including, but not limited to, any documents you intend to use at trial as evidence to prove liability and/or your damages.

**RESPONSE:**

Plaintiff believes Defendant has all document generated in relation to this incident. Please refer to Plaintiff's response to document request 1.

41. To the extent not otherwise produced, all documents which you believe in any way support your allegations and/or claims against any of the other parties to this lawsuit, including, but not limited to, any documents you intend to use at trial as evidence to prove liability and/or your damages.

    **RESPONSE:**

    Plaintiff believes Defendant has all document generated in relation to this incident. Please refer to Plaintiff's response to document request 1.

.

42. An affidavit of the responding party stating whether the production is complete in accordance with this request, and if not complete, stating with specificity wherein it is lacking.

    **RESPONSE:**

    Plaintiff objects to the request for an affidavit on the basis that the Federal Rules of Civil Procedure do not require an affidavit. Plaintiff believes, and affirms that to the best of her knowledge, she has completed this in accordance with the request and the relevant Federal Rules of Civil Procedure, Local Rules, and other applicable rules.

Dated: January 20, 2015

Respectfully submitted,

*signature*
Charity Chidinma Emeronye Swift
Plaintiff


*signature*
Stephen Christopher Swift
Swift & Swift, Attorneys at Law, P.L.L.C.
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia 22314-4688
Telephone: (703) 418-0000
Facsimile: (312) 345-9860
E-mail: steve@swift.law.pro

**Attorney for Plaintiff**
**Charity Chidinma Emeronye Swift**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2015, I served Plaintiff Charity Chidinma Emeronye Swift's Responses to Frontier Airlines, Inc.'s First Set of First Set of Requests for Production of Documents and Other things to Plaintiff, via electronic transmission (e-mail) to:

Paula L. Wegman
E-mail::pwegman@amm-law.com
Steven L. Boldt
E-mail: sbolt@amm-law..com
Adler Murphy & McQullien, LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603

Sarah E. Moffet
E-mail: sarah.moffett@leclairryan.com
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314


_____
Stephen Christopher Swift