IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARITY CHIDINMA EMERONYE SWIFT, | |
| Plaintiff, | Civil Action No. 1:14-CV-1139 |
| v. | Hon. Judge Anthony J. Trenga |
| | Hon. Magistrate Judge Ivan D. Davis |
| FRONTIER AIRLINES, INC. (a Colorado corporation), and JANE DOE, | |
| Defendants. | |

### AFFIDAVIT OF PAULA L. WEGMAN

COMES NOW, Paula L. Wegman, and states, under penalty of perjury, as follows:

1. I am over the age of eighteen, competent to testify, and under no legal disability and, if called and sworn as a witness, would testify to the following facts, which are based upon my own personal knowledge and for which I verily believe are true and correct.

2. I am a partner with the law firm Adler Murphy & McQuillen LLP, who has been retained as legal counsel, along with the law firm LeClairRyan, for Frontier Airlines, Inc. ("Frontier") in the above-captioned matter.

3. On January 9, 2015, the parties appeared before Magistrate Judge Ivan D. Davis for hearing on Plaintiff's Motion for Leave to Amend the Complaint. After the hearing, counsel for the parties, as well as Plaintiff herself, agreed to sit down and discuss the case and the potential for resolution.

4. Plaintiff, Charity Swift, her counsel/husband Stephen Swift and counsel for Frontier, Paula Wegman and Sarah Moffett, walked together to the LeClair Ryan law firm, located across the street from the courthouse, where a private conference room was available.

5. All the lawyers, as well as Plaintiff (who is also a lawyer) sat together in that conference room to discuss the case.

6. After some preliminary discussions, attorney Moffett excused herself from the meeting to attend to another matter.

7. Plaintiff's counsel, Plaintiff and Frontier attorney Wegman continued their discussions regarding the case, including their respective positions and the potential for resolution for approximately two hours.

8. Near the end of those two hours, Plaintiff and her counsel provided a settlement demand. Specifically, they advised Attorney Wegman that Plaintiff would dismiss her claims against Frontier in their entirety in exchange for a certain monetary figure.

9. Attorney Wegman asked Plaintiff and her counsel whether they would be willing to wait while she contacted her client with respect to their demand and they agreed. Attorney Wegman temporarily excused herself from the meeting to make the necessary phone calls.

10. Approximately 10 minutes later, Attorney Wegman returned to the conference room and advised Plaintiff and her counsel that Frontier would agree to pay the monetary amount demanded in exchange for a complete dismissal of Plaintiff's claims against Frontier and confidentiality as to the agreement. Plaintiff and her counsel agreed.

11. Attorney Wegman shook hands with Plaintiff and her counsel in consummation of the Agreement, thanked them for their time and cooperation and advised that a written settlement agreement would be provided early the next week.

12. Within an hour of reaching the Settlement Agreement, Attorney Wegman sent Plaintiff's counsel an e-mail confirming the Settlement Agreement. A true and accurate copy of that email is attached hereto as Exhibit A[1]. Plaintiff did not dispute, question or object to that confirmation of the Settlement Agreement and its terms.

13. On Monday, January 12, Frontier's counsel sent a written Full Release and Settlement Agreement, reflecting the terms mutually agreed upon, to Plaintiff's counsel via e-mail. A true and accurate copy of that email, including the attachment thereto, is attached hereto as Exhibit B.

14. The next day, Plaintiff's counsel responded to the e-mail from Frontier's counsel forwarding the Full Release and Settlement Agreement. Plaintiff's counsel did not dispute, contest or object to any of the terms contained in the Full Release and Settlement Agreement. The only modification requested by Plaintiff's counsel was the addition of a signature line for Frontier. A true and accurate copy of that email is attached hereto as Exhibit C.

15. Frontier was amenable to this addition, added a signature line as requested and obtained the necessary signature.

16. The next day, Plaintiff's counsel sent another email, claiming that he "now had the time to fully and properly evaluate" the case and that he has "advised his client that she should not go ahead with the agreement at this time, because the settlement is not fair and not in her best interest, and she has accepted my advice." A true and accurate copy of that email is attached hereto as Exhibit D.

17. I subsequently forwarded the Full Release and Settlement Agreement which had been signed by an authorized Frontier agent, and asked that Plaintiff and her counsel comply

---

[1] All references to the monetary settlement amount in all Exhibits attached hereto have been redacted as the Settlement Agreement included confidentiality as part of its terms.

with the Agreement, and counsel's explicit promise, namely, to obtain Plaintiff's signature and return it to Frontier's counsel upon receipt of same. A true and accurate copy of that email is attached hereto as Exhibit E.

18. To date, Plaintiff has refused to sign the Agreement. Counsel for Frontier has spoken with Plaintiff's counsel on the telephone twice subsequent to the January 16 email. During those teleconferences, Frontier's counsel specifically asked the basis for the attempt to renege and attempted to resolve this matter in accordance with Local Rule 7(e). Plaintiff's counsel stated that the Settlement Agreement is not effective because Plaintiff did not sign it and indicated that, instead, they are willing to entertain "another settlement offer" from Frontier for a monetary amount higher to which they previously agreed.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT

Dated: January 26, 2015

_____
PAULA L. WEGMAN

SUBSCRIBED AND SWORN to before me
this 26th day of JANUARY, 2015.

_____
NOTARY PUBLIC

Official Seal
Diane Idukovich
Notary Public State of Illinois
My Commission Expires 03/20/2017