## Paula L. Wegman

| | |
|---|---|
| **From:** | Paula L. Wegman |
| **Sent:** | Monday, January 12, 2015 4:20 PM |
| **To:** | steve@swift.law.pro |
| **Cc:** | Sarah E. Moffett; douglas.amster@leclairryan.com; charity@swift.law.pro; Maiko U. Davidson; Rita M. Siwinski; Steven L. Boldt |
| **Subject:** | RE: Swift v. Frontier Airlines, et al., AMM 14AZ0260 |
| **Attachments:** | Swift Confidential Full Release and Settlement Agreement Final.pdf |

Dear Mr. Swift,

As mentioned below, attached please find a Release and Settlement Agreement. The settlement check will be requested upon receipt of a signed and notarized copy. (pdf with hard copy to follow via U.S. Mail is fine.) Feel free to contact me with any questions.

Thanks.

Paula Wegman

---

**From:** Paula L. Wegman
**Sent:** Friday, January 09, 2015 12:31 PM
**To:** steve@swift.law.pro
**Cc:** Sarah E. Moffett; douglas.amster@leclairryan.com; charity@swift.law.pro; Maiko U. Davidson; Rita M. Siwinski; Steven L. Boldt
**Subject:** Re: Swift v. Frontier Airlines, et al., AMM 14AZ0260

Dear Mr. Swift, please let this confirm that plaintiff, Ms. Charity Swift, has agreed to release and dismiss all her claims against Frontier, as more fully set forth in her complaint, in exchange for              The settlement terms include confidentiality. We will forward a Release and Settlement agreement to you early next week.

My thanks to both you and Charity for your time today. It was a pleasure meeting you both in person. Have a good weekend.

Paula Wegman



EXHIBIT B

Case 1:14-cv-01139-AJT-IDD   Document 49-3   Filed 01/26/15   Page 2 of 4 PageID# 486

# CONFIDENTIAL FULL RELEASE AND SETTLEMENT AGREEMENT

FOR AND IN CONSIDERATION OF the payments and mutual covenants set forth herein, CHARITY CHIDINMA EMERONYE SWIFT, personally, and for her next of kin, spouse, heirs, successors, agents, representatives and assigns thereof, (the "Releasor"), to the fullest extent allowed by law, expressly intends to release, and by execution of this Confidential Full Release and Settlement Agreement does hereby release and forever discharge FRONTIER AIRLINES, INC., JANE DOE, REPUBLIC AIRWAYS HOLDINGS, INC., INDIGO PARTNERS LLC, FALCON ACQUISITION GROUP, INC., FRONTIER AIRLINES HOLDINGS, INC., AIR WORLD TRAVEL & TRAINING CORP., WORLDWIDE FLIGHT SERVICES, INC., ALLIANZ GLOBAL CORPORATE AND SPECIALTY, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY and ALLIANZ AVIATION MANAGERS, LLC, each and every respective co-insurer, and any other entities having code sharing agreements and any and all other entities related to, or otherwise affiliated or associated with the below-described incident, and all of their affiliates and all of their predecessor, successor, parent and subsidiary corporations, and all of their owners, officers, directors, employees, agents, attorneys, insurers and representatives, and all of the heirs, successors and assigns of any of them (the "Released Parties"), of and from any and all liabilities, claims, demands, actions or causes of action which the Releasor may have had or claimed to have had, may now have or claim to have, or may hereafter have or claim to have, known or unknown, including but not limited to physical injuries, mental injuries, discrimination, disability, loss of consortium, property losses, loss of profits, loss of income, loss of earning potential, loss of the value of any business, punitive damages, or other losses or expenses which the Releasor may have sustained or may hereafter sustain arising out of, resulting from, or in any way related to alleged injuries and/or damages claimed by Releasor in relation to her travel via Frontier Airlines, Inc. on September 4, 2013, including, but not limited to Frontier Flight 272, traveling from Denver International Airport (DEN) to Arlington, Virginia (DCA), (the "incident"), which is the subject of the lawsuit entitled, *Swift v. Frontier Airlines, Inc. et al.*, Civil Action No. 1:14-CV-1139, pending in the United States District Court for the Eastern District of Virginia, Alexandria Division ("the Litigation").

FOR AND IN CONSIDERATION OF the compromise and full settlement of these various claims, contentions and disputes between and among the parties herein, related directly or indirectly to the incident, and the full release of all said claims by the Releasor, the Released Parties agree to pay                            AND ZERO CENTS                           in the form of a check payable to CHARITY CHIDINMA EMERONYE SWIFT and her attorneys SWIFT & SWIFT P.L.L.C., within forty-five (45) days after receipt of the original copy of this Confidential Full Release and Settlement Agreement and the entry of an order dismissing all claims in the Litigation with prejudice.

MEDICARE COMPLIANCE. It is not the purpose of this settlement agreement to shift responsibility of medical care in this matter to the Medicare system. Instead, this release is intended to resolve a dispute between the Releasor and the Released Parties. In order to ensure compliance with Medicare and applicable federal regulations, the Releasor acknowledges that Medicare will be reimbursed (to the extent reimbursement is appropriate) out of these settlement proceeds for any and all payments made in the past or that may be made in the future related to the incident.

The Releasor shall further hold the Released Parties harmless from any and all adverse consequences in the event this settlement results in the loss of rights to Social Security benefits and/or Medicare benefits to the extent the Releasor would have been entitled to those benefits in the absence of this agreement.

      IN FURTHER CONSIDERATION OF the payments and mutual covenants set forth in this Confidential Full Release and Settlement Agreement, the parties agree as follows:

      A.    The parties acknowledge that this settlement has been agreed to solely for the purpose of compromising disputed claims, and any payments made pursuant to this settlement are not to be construed as an admission of liability.

      B.    Releasor understands and agrees that the payments specifically identified and set forth herein are the entire and only consideration for this Confidential Full Release and Settlement Agreement, and it is intended by Releasor and the Released Parties, and each of them, that this release shall be complete and shall not be subject to any claim of mistake of fact or law by the Releasor, and that it expresses a full and complete settlement of liability claimed and denied; and that this release is intended to be full, final and complete.

      C.    As part of the consideration for the payments to Releasor of the amounts hereinabove mentioned, Releasor is releasing all claims, including all those for known or unknown and anticipated or unanticipated injuries and damages. Releasor recognizes and acknowledges that there is a risk that subsequent to the execution of this Confidential Full Release and Settlement Agreement, Releasor will claim or suffer monetary or other loss, damage, injury or any of these which are in some way caused by or related to the incident, but which are unknown and unanticipated at the time this Confidential Full Release and Settlement Agreement is signed; and further, that there is a risk that the damages presently known may be or may become more extensive than Releasor now expects or anticipates. Releasor accepts the above-mentioned risk, and this Confidential Full Release and Settlement Agreement shall apply to all unknown and unanticipated results of the incident as well as those known and anticipated.

      D.    Releasor further understands and agrees that she shall be responsible for the payment of any attorneys' fees and legal expenses (if any), as well as all past, present or future medical, hospital, health care, Medicare, Medicaid, insurance carrier, medical service organization, mental health care, and any other fees and expenses arising from and in connection with any matters related to the incident, regardless of whether any of said fees and expenses were submitted to the Released Parties for payment.

      E.    Releasor further agrees to hold the Released Parties harmless from all claims, liens or actions, which arise out of or are in any way related to any damages the Releasor may have sustained in, or as a result of, the incident, which may be brought against any of the Released Parties, including but not limited to claims, liens or actions for payment or reimbursement for attorneys' fees and expenses, hospital or medical expenses, or workmen's compensation or other benefits. Releasor agrees that all liens have been or will be satisfied from the proceeds of this settlement.

      F.    Releasor acknowledges that she is executing this Release solely in reliance upon her knowledge, belief and judgment and not upon any representations made by any party released or others on their behalf.

      G.    Releasor acknowledges that she has had the opportunity to consult with her own legal counsel with regard to the matters arising out of the incident and this Confidential Full Release and Settlement Agreement. Releasor attests that she has read and understands the content and legal effect of this Confidential Full Release and Settlement Agreement and has freely executed it.

H.      Releasor and the Released Parties further agree that this Confidential Full Release and Settlement Agreement shall be confidential and that they will not disclose the content of any terms of this Confidential Full Release and Settlement Agreement to anyone except as necessary for tax reporting purposes or as otherwise required by law.

I.      All parts of this Confidential Full Release and Settlement Agreement are separate and severable from each other. Should any part of this Confidential Full Release and Settlement Agreement be deemed or declared to be invalid or illegal, Releasor and the Released Parties agree that the validity of other parts or the remainder of this Confidential Full Release and Settlement Agreement shall not be affected thereby.

**CAUTION!  READ BEFORE SIGNING.**

Dated this _____ day of _____, 2015.


_____
CHARITY CHIDINMA EMERONYE SWIFT


WITNESS:

STATE OF _____   )
                            ) SS
COUNTY OF _____    )


I, _____, a Notary Public in and for said County in the State aforesaid, do hereby certify that CHARITY CHIDINMA EMERONYE SWIFT who is personally known to me to be the same persons whose name is subscribed to the foregoing instrument appeared before me this day in person and acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary acts, for the uses and purposes therein set forth.

My seal:                                              _____


**STATEMENT OF COUNSEL**

The undersigned, as counsel for CHARITY CHIDINMA EMERONYE SWIFT, acknowledges and represents that all fees and expenses incurred in connection with our representation will be paid from the settlement funds of the foregoing Confidential Full Release and Settlement Agreement.

                                              _____
                                              Stephen Christopher Swift
                                              SWIFT & SWIFT P.L.L.C.