# Paula L. Wegman

| | |
|---|---|
| **From:** | Paula L. Wegman |
| **Sent:** | Friday, January 16, 2015 2:02 PM |
| **To:** | 'steve@swift.law.pro' |
| **Cc:** | Charity C. Emeronye Swift; Steven L. Boldt; Moffett, Sarah E. (Sarah.Moffett@leclairryan.com); douglas.amster@leclairryan.com; Davidson, Maiko U. (Maiko.Davidson@leclairryan.com); Rita M. Siwinski |
| **Subject:** | RE: Swift v. Frontier Airlines, et al., AMM 14AZ0260 |
| **Attachments:** | Swift v Frontier Confidential Full Release and Settlement Agreement executed by Frontier.pdf |

Dear Mr. Swift,

As both you and Ms. Swift are aware, we reached a settlement regarding the above-referenced litigation on Friday, January 9. I personally met with you and Ms. Swift after the hearing on Plaintiff's Motion to Amend. We collectively discussed the lawsuit, including Ms. Swift's and Frontier's respective positions, for over two hours, at the end of which you, Ms. Swift and I, on behalf of Frontier, reached a mutual agreement to settle the case. I shook both your and Ms. Swift's hands, respectively, upon reaching our agreement and sent you an email confirming the settlement terms we agreed upon within the hour. (See below.) You were provided with a Release Agreement reflecting the settlement agreement terms on Monday, as promised. (See below.) The only modification you requested to the Release Agreement was the addition of a signature line for a Frontier officer or agent, which we added and have signed. (See below and attached.) You confirmed that Ms. Swift would sign the Release Agreement once that modification occurred. (See below.) We request that you obtain Ms. Swift's signature and return an executed copy of the Release Agreement to us as promised.

Your attempt to renege on the settlement agreement now is not well taken and does not repudiate our valid and enforceable settlement agreement. If Plaintiff refuses to comply with her end of the agreement, we will be required to expend additional time and resources to file a motion to enforce the settlement. Please understand that if we are forced to file such a motion, we will seek our attorneys' fees and costs related to doing so.

Regards,

Paula L. Wegman
ADLER MURPHY & McQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Main: (312) 345-0700
Direct: (312) 422-5776
Mobile: (312) 953-0035
Facsimile: (312) 345-9860

-----Original Message-----
From: Stephen Christopher Swift [mailto:steve@swift.law.pro]
Sent: Wednesday, January 14, 2015 10:36 AM
To: Paula L. Wegman
Cc: Charity C. Emeronye Swift
Subject: Re: Settlement Agreement

Dear Paula:

As Charity's attorney, I have now had the time to fully and properly evaluate her case after Judge Davis' decision to allow her to partly amend her complaint. On the basis on my review, I have advised my client that she should not go ahead with the agreement at this time, because the settlement is not fair and not in her best interest, and she has accepted my advice. In view of this, we are not prepared to settle at this time for

**EXHIBIT E**

1

## CONFIDENTIAL FULL RELEASE AND SETTLEMENT AGREEMENT

FOR AND IN CONSIDERATION OF the payments and mutual covenants set forth herein, CHARITY CHIDINMA EMERONYE SWIFT, personally, and for her next of kin, spouse, heirs, successors, agents, representatives and assigns thereof, (the "Releasor"), to the fullest extent allowed by law, expressly intends to release, and by execution of this Confidential Full Release and Settlement Agreement does hereby release and forever discharge FRONTIER AIRLINES, INC., JANE DOE, REPUBLIC AIRWAYS HOLDINGS, INC., INDIGO PARTNERS LLC, FALCON ACQUISITION GROUP, INC., FRONTIER AIRLINES HOLDINGS, INC., AIR WORLD TRAVEL & TRAINING CORP., WORLDWIDE FLIGHT SERVICES, INC., ALLIANZ GLOBAL CORPORATE AND SPECIALTY, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY and ALLIANZ AVIATION MANAGERS, LLC, each and every respective co-insurer, and any other entities having code sharing agreements and any and all other entities related to, or otherwise affiliated or associated with the below-described incident, and all of their affiliates and all of their predecessor, successor, parent and subsidiary corporations, and all of their owners, officers, directors, employees, agents, attorneys, insurers and representatives, and all of the heirs, successors and assigns of any of them (the "Released Parties"), of and from any and all liabilities, claims, demands, actions or causes of action which the Releasor may have had or claimed to have had, may now have or claim to have, or may hereafter have or claim to have, known or unknown, including but not limited to physical injuries, mental injuries, discrimination, disability, loss of consortium, property losses, loss of profits, loss of income, loss of earning potential, loss of the value of any business, punitive damages, or other losses or expenses which the Releasor may have sustained or may hereafter sustain arising out of, resulting from, or in any way related to alleged injuries and/or damages claimed by Releasor in relation to her travel via Frontier Airlines, Inc. on September 4, 2013, including, but not limited to Frontier Flight 272, traveling from Denver International Airport (DEN) to Arlington, Virginia (DCA), (the "incident"), which is the subject of the lawsuit entitled, *Swift v. Frontier Airlines, Inc. et al.*, Civil Action No. 1:14-CV-1139, pending in the United States District Court for the Eastern District of Virginia, Alexandria Division ("the Litigation").

FOR AND IN CONSIDERATION OF the compromise and full settlement of these various claims, contentions and disputes between and among the parties herein, related directly or indirectly to the incident, and the full release of all said claims by the Releasor, the Released Parties agree to pay                              AND ZERO CENTS                              in the form of a check payable to CHARITY CHIDINMA EMERONYE SWIFT and her attorneys SWIFT & SWIFT P.L.L.C., within forty-five (45) days after receipt of the original copy of this Confidential Full Release and Settlement Agreement and the entry of an order dismissing all claims in the Litigation with prejudice.

MEDICARE COMPLIANCE. It is not the purpose of this settlement agreement to shift responsibility of medical care in this matter to the Medicare system. Instead, this release is intended to resolve a dispute between the Releasor and the Released Parties. In order to ensure compliance with Medicare and applicable federal regulations, the Releasor acknowledges that Medicare will be reimbursed (to the extent reimbursement is appropriate) out of these settlement proceeds for any and all payments made in the past or that may be made in the future related to the incident.

The Releasor shall further hold the Released Parties harmless from any and all adverse consequences in the event this settlement results in the loss of rights to Social Security benefits and/or Medicare benefits to the extent the Releasor would have been entitled to those benefits in the absence of this agreement.

IN FURTHER CONSIDERATION OF the payments and mutual covenants set forth in this Confidential Full Release and Settlement Agreement, the parties agree as follows:

A. The parties acknowledge that this settlement has been agreed to solely for the purpose of compromising disputed claims, and any payments made pursuant to this settlement are not to be construed as an admission of liability.

B. Releasor understands and agrees that the payments specifically identified and set forth herein are the entire and only consideration for this Confidential Full Release and Settlement Agreement, and it is intended by Releasor and the Released Parties, and each of them, that this release shall be complete and shall not be subject to any claim of mistake of fact or law by the Releasor, and that it expresses a full and complete settlement of liability claimed and denied; and that this release is intended to be full, final and complete.

C. As part of the consideration for the payments to Releasor of the amounts hereinabove mentioned, Releasor is releasing all claims, including all those for known or unknown and anticipated or unanticipated injuries and damages. Releasor recognizes and acknowledges that there is a risk that subsequent to the execution of this Confidential Full Release and Settlement Agreement, Releasor will claim or suffer monetary or other loss, damage, injury or any of these which are in some way caused by or related to the incident, but which are unknown and unanticipated at the time this Confidential Full Release and Settlement Agreement is signed; and further, that there is a risk that the damages presently known may be or may become more extensive than Releasor now expects or anticipates. Releasor accepts the above-mentioned risk, and this Confidential Full Release and Settlement Agreement shall apply to all unknown and unanticipated results of the incident as well as those known and anticipated.

D. Releasor further understands and agrees that she shall be responsible for the payment of any attorneys' fees and legal expenses (if any), as well as all past, present or future medical, hospital, health care, Medicare, Medicaid, insurance carrier, medical service organization, mental health care, and any other fees and expenses arising from and in connection with any matters related to the incident, regardless of whether any of said fees and expenses were submitted to the Released Parties for payment.

E. Releasor further agrees to hold the Released Parties harmless from all claims, liens or actions, which arise out of or are in any way related to any damages the Releasor may have sustained in, or as a result of, the incident, which may be brought against any of the Released Parties, including but not limited to claims, liens or actions for payment or reimbursement for attorneys' fees and expenses, hospital or medical expenses, or workmen's compensation or other benefits. Releasor agrees that all liens have been or will be satisfied from the proceeds of this settlement.

F. Releasor acknowledges that she is executing this Release solely in reliance upon her knowledge, belief and judgment and not upon any representations made by any party released or others on their behalf.

G. Releasor acknowledges that she has had the opportunity to consult with her own legal counsel with regard to the matters arising out of the incident and this Confidential Full Release and Settlement Agreement. Releasor attests that she has read and understands the content and legal effect of this Confidential Full Release and Settlement Agreement and has freely executed it.

H. Releasor and the Released Parties further agree that this Confidential Full Release and Settlement Agreement shall be confidential and that they will not disclose the content of any terms of this Confidential Full Release and Settlement Agreement to anyone except as necessary for tax reporting purposes or as otherwise required by law.

I. All parts of this Confidential Full Release and Settlement Agreement are separate and severable from each other. Should any part of this Confidential Full Release and Settlement Agreement be deemed or declared to be invalid or illegal, Releasor and the Released Parties agree that the validity of other parts or the remainder of this Confidential Full Release and Settlement Agreement shall not be affected thereby.

**CAUTION! READ BEFORE SIGNING.**

Dated this _____ day of _____, 2015.


_____
CHARITY CHIDINMA EMERONYE SWIFT


WITNESS:


STATE OF _____ )
                        ) SS
COUNTY OF _____ )


I, _____, a Notary Public in and for said County in the State aforesaid, do hereby certify that CHARITY CHIDINMA EMERONYE SWIFT who is personally known to me to be the same persons whose name is subscribed to the foregoing instrument appeared before me this day in person and acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary acts, for the uses and purposes therein set forth.

My seal: _____


**STATEMENT OF COUNSEL**

The undersigned, as counsel for CHARITY CHIDINMA EMERONYE SWIFT, acknowledges and represents that all fees and expenses incurred in connection with our representation will be paid from the settlement funds of the foregoing Confidential Full Release and Settlement Agreement.

_____
Stephen Christopher Swift
SWIFT & SWIFT P.L.L.C.

Dated: January 14, 2015

FRONTIER AIRLINES, INC.

*Paula L. Wegman*
Paula L. Wegman, Esq.
Counsel for Frontier Airlines, Inc.

WITNESS:

STATE OF Illinois )
                  ) SS
COUNTY OF Cook )

    I, Mary J. Domagalski, a Notary Public in and for said County in the State aforesaid, do hereby certify that PAULA L. WEGMAN who is personally known to me to be the same persons whose name is subscribed to the foregoing instrument appeared before me this day in person and acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary acts, for the uses and purposes therein set forth.

My seal:                                                      *Mary J. Domagalski*

> "OFFICIAL SEAL"
> Mary F Domagalski
> Notary Public, State of Illinois
> My Commission Expires 12/4/2018