
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARITY CHIDINMA EMERONYE SWIFT,** | |
| Plaintiff, | Civil Action No. 1:14-CV-1139 |
| v. | Hon. Judge Anthony J. Trenga |
| | Hon. Magistrate Judge Ivan D. Davis |
| **FRONTIER AIRLINES, INC. (a Colorado corporation), and JANE DOE,** | |
| Defendants. | |

### FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint, and states as follows:

### NATURE OF THE CASE

1. Frontier states that some or all of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint and therefore denies all such allegations.

2. Frontier admits only that Plaintiff purchased her ticket through a third-party travel agency and her ticket was subject to the carry-on fee that she was correctly charged. Frontier denies the remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3. Frontier admits only that Plaintiff's ticket was subject to the carry-on fee that she was correctly charged. Frontier denies the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. Frontier states that some or all of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier admits only to the existence of the federal statutes cited by Plaintiff, states that the statutes speak for themselves, and denies such allegations to the extent they conflict with the express language of the aforementioned statute. Frontier further denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and therefore denies all such allegations.

5. Frontier denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Frontier denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

7. Frontier states that some or all of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier admits only to the existence of the federal statutes cited by Plaintiff, states that the statutes speak for themselves, and denies such allegations to the extent they conflict with the express language of the aforementioned statute. Frontier further lacks sufficient information or knowledge to form a belief as to the truth of the

remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint and therefore denies all such allegations.

## INTRODUCTION

8.  Frontier denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint and therefore denies all such allegations.

9.  Frontier states that some or all of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier admits only to the existence of the federal statutes cited by Plaintiff, states that the statutes speak for themselves, and denies such allegations and obligations to the extent they conflict with the express language of the aforementioned statute. Frontier further denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint and therefore denies all such allegations.

10. Frontier denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and therefore denies all such allegations.

11. Frontier denies that it has any liability to Plaintiff, denies that any relief or damages are due from Frontier, and lacks sufficient information or knowledge to form a belief as

to the truth of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and therefore denies all such allegations.

## PARTIES

### Plaintiff

12. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint and therefore denies all such allegations.

### Defendants

13. Frontier admits only that it is a Colorado corporation with its principal place of business at 7001 Tower Road, Denver, Colorado 80249 and is an air carrier engaged in the business of transportation. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint and therefore denies all such allegations.

14. Frontier states that some or all of the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint and therefore denies all such allegations.

## FACTS GIVING RISE TO THIS ACTION

15. Frontier admits only that Plaintiff traveled on Frontier Airlines from Bozeman, Montana ("BZN") to Arlington, Virginia ("DCA") with a stopover in Denver, Colorado (DEN) on September 4, 2013. Frontier lacks sufficient information or knowledge to form a belief as to

the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Amended Complaint and therefore denies all such allegations.

16. Frontier denies that Plaintiff was discriminated against by Frontier and that Frontier has any liability to Plaintiff. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint and therefore denies all such allegations.

17. Frontier admits only that Plaintiff traveled on Frontier Airlines from Bozeman, Montana ("BZN") to Arlington, Virginia ("DCA") with a stopover in Denver, Colorado (DEN) on September 4, 2013, that she had a no-hassle flight onboard Frontier Airlines and arrived safely without any incident. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Amended Complaint and therefore denies all such allegations.

18. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint and therefore denies all such allegations.

19. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint and therefore denies all such allegations.

20. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint and therefore denies all such allegations.

21.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint and therefore denies all such allegations.

22.     Frontier denies that Plaintiff was the only passenger onboard the alleged flight that paid a baggage fee and that Plaintiff was discriminated against by Frontier.  Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint and therefore denies all such allegations.

23.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and therefore denies all such allegations.

24.     Frontier denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Frontier denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.     Frontier denies that Plaintiff was the only passenger onboard the alleged flight that paid a baggage fee and that Plaintiff was discriminated against by Frontier. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint and therefore denies all such allegations.

27.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint and therefore denies all such allegations.

28. Frontier denies that Plaintiff was the only passenger onboard the alleged flight that paid a baggage fee and that Plaintiff was discriminated against by Frontier. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of Plaintiff's Amended Complaint and therefore denies all such allegations.

29. Frontier admits only that Plaintiff's ticket was subject to the carry-on fee that she was correctly charged. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Amended Complaint and therefore denies all such allegations.

30. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint and therefore denies all such allegations.

31. Frontier denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

## REQUISITES FOR RELIEF

32. Frontier denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. Frontier denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

## CLAIMS FOR RELIEF

### COUNT I: 42 U.S.C. § 1981
### DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF CONTRACTS

34. Frontier restates and incorporates by reference its responses to Paragraphs 1 through 33 of Plaintiff's Amended Complaint above as though fully set forth herein.

35. Frontier states that some or all of the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier admits only to the existence of 42 U.S.C. § 1981, states that the statute speaks for itself, and denies any such allegations to the extent they conflict with the express language of the aforementioned statute. Frontier further denies the remaining allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. Frontier states that some or all of the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint and therefore denies all such allegations.

37. Frontier states that some or all of the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent an answer is deemed necessary, Frontier denies all such allegations.

38. Frontier denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. Frontier denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

**COUNT II: TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000D)**

40. Frontier restates and incorporates by reference its responses to Paragraphs 1 through 39 of Plaintiff's Amended Complaint above as though fully set forth herein.

41. Frontier states that some or all of the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the

extent an answer is deemed necessary, Frontier admits only to the existence of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000D), states that the statute speaks for itself, and denies any such allegations to the extent they conflict with the express language of the aforementioned statute. Frontier further denies the remaining allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42. Frontier denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

## COUNT III: BREACH OF CONTRACT

43. Frontier restates and incorporates by reference its responses to Paragraphs 1 through 42 of Plaintiff's Amended Complaint above as though fully set forth herein.

44. Frontier admits only that Plaintiff purchased her ticket through a third-party travel agency and her ticket was subject to the carry-on fee that she was correctly charged. Frontier denies the remaining allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. Frontier admits only that Plaintiff's ticket was subject to the carry-on fee that she was correctly charged. Frontier denies the remaining allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

Frontier denies the allegations following the unnumbered paragraph beginning with the word "WHEREFORE," including subparagraphs (a)-(h) therein, and specifically denies that Plaintiff is entitled to judgment of any recovery against Frontier.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Amended Complaint, Frontier, by and through its counsel, hereby raises, asserts, and preserves the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, on the grounds that they fail to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by 6 U.S.C § 1104, any amendments thereto and applicable federal regulations, which grant Frontier immunity for reports made to authorities.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by 49 U.S.C. § 44941, any amendments thereto and applicable federal regulations, which grant Frontier immunity for making a voluntary disclosures to authorities.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by any applicable one-year statute of limitations, including, but not limited to, Va. Code § 8.01-247.1 (2014), which had expired on the date she filed her Complaint, September 4, 2014.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Airline Deregulation Act (ADA), 49 U.S.C. § 41713(b)(1), which preempts any and all claims that relate to rates, routes, or services provided by an air carrier.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by any contractual release, disclaimer, and/or limitations of remedies entered into by Plaintiff in regard to her flight, including, but not

limited to, the contract of carriage in force and effect on or about the date of the alleged incident and/or the settlement agreement reached between Plaintiff and Frontier on January 9, 2015, as further set forth in Frontier's Motion to Enforce the Settlement.

## SEVENTH AFFIRMATIVE DEFENSE

While denying any and all allegations of wrongdoing, fault, or liability, Frontier states that it would be entitled, at its sole election, to a full credit, offset, *pro-rata* reduction, or percentage reduction, based on the percentage of fault, wrongdoing, or liability attributable to each settling defendant, in the event Plaintiff settles with any defendant.

## EIGHTH AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to any relief whatsoever, if Frontier is required to pay a monetary award to the Plaintiff, Frontier claims a set-off against any monies received by Plaintiff for her alleged injuries or damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable or responsible, including, but not limited to, independent third-party contractors. In the event Frontier is found liable to Plaintiff, which Frontier expressly denies, Frontier may be entitled to indemnification, contribution, or apportionment of liability and fault pursuant to applicable law and reserve its right to seek the same.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by allegedly intentional torts for which Frontier is not vicariously liable or responsible under theories of *respondeat superior* and the like.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's request for exemplary and punitive damages are barred because she has not alleged and cannot prove facts that would entitle her to punitive damages.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that the laws of other jurisdictions apply, Frontier invokes each and every constitutional and statutory defense available to it under the constitutions, statutes, civil or other law of each of the other forty-nine states, the District of Columbia, the territories and possessions of the United States, and/or applicable foreign law. These laws specifically include, but are not limited to, provisions relating to due process, access to the courts, statutes of limitations and repose, and limitations on compensatory, non-economic, and punitive damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff breached a material term and/or terms of the contract, and/or Frontier met all of its obligations under the alleged contract and did not breach any term thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages are not recoverable in breach of contract.

## RESERVATION OF FURTHER DEFENSES

Frontier reserves the right to further amend its Answer and to assert any and all additional defenses as may be revealed by further investigation, discovery, and determination of the substantive law that will governing this case.

## JURY DEMAND

Frontier hereby demands a trial by jury.

WHEREFORE, Defendant Frontier Airlines, Inc. prays that Plaintiff take nothing by way of her Complaint, that judgment be entered in its favor and against Plaintiff, and requests reimbursement of its costs and fees in defense of this Complaint and such further relief as this Court deems just and reasonable.

Dated: January 30, 2015                     Respectfully submitted,

/s/ _____
Sarah E. Moffett (VA Bar No. 72208)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone: (703) 647-5930
Facsimile:  (703) 647-5980
Email:  sarah.moffett@leclairryan.com

- and –

Paula L. Wegman (*admitted pro hac vice*)
Steven L. Boldt (*admitted pro hac vice*)
ADLER MURPHY & MCQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile:  (312) 345-9860
Email: sboldt@amm-law.com
Email: pwegman@amm-law.com

*Attorneys for Frontier Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 30, 2015, I served the following via U.S. Mail, postage prepaid, and via electronic case filing:

Charity Chidinma Emeronye Swift
Swift & Swift, Attorneys at Law, P.L.L.C.
21 Eisenhower Avenue
Suite 200
Alexandria, VA 22314

/s/_____
Sarah E. Moffett