IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

_____
                                        |
**CHARITY CHIDINMA**                    |
**EMERONYE SWIFT,**                     |
                                        |
      **Plaintiff,**           | Civil Action No. 1:14-cv-1139
                                        |
      v.                       | Hon. Anthony J. Trenga
                                        | Hon. Magistrate Judge Ivan D. Davis
**FRONTIER AIRLINES, INC.**             |
(a Colorado corporation),               |
and **JANE DOE,**                       |
                                        |
      **Defendants.**          |
_____|

**PLAINTIFF'S OPPOSITION TO
FRONTIER AIRLINES, INC.' MOTION TO ENFORCE
THE SETTLEMENT AGREEMENT AND FOR OTHER RELIEF**

Plaintiff Charity Chidinma Emeronye Swift ("Mrs. Swift"), through her undersigned attorney, opposes Defendant Frontier Airlines, Inc.'s motion to enforce an alleged "settlement agreement". The facts are given in the attached Affidavit of Charity C. Emeronye Swift.

**I. THIS COURT DOES NOT HAVE JURISDICTION.**

The United States District Court does not have jurisdiction over the subject matter of the motion herein opposed, because it is a breach of contract action that is governed by state law, over which only state courts have jurisdiction, except in cases arising under the federal courts diversity jurisdiction, or where the federal courts have ancillary jurisdiction. (The present case arises only under a federal questions, not under diversity.) The federal courts have ancillary jurisdiction over an action to enforce a settlement agreement only when a court order has

incorporated the settlement agreement. "[W]e think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). See *In re Phar-Mor, Inc. Securities Litigation, 172 F.3d 270* (3rd Cir., 1999). In *Trans States Airlines, Inc. v. Commonwealth Aviation Service, Inc.* (unpublished Memorandum Opinion in the U.S. District Court for the Eastern District of Virginia, Richmond Division, Case 3:08-cv-00112-JRS, Document 97, attached as Exhibit A), the Court said:

> The subject matter jurisdiction of a court to enforce a settlement agreement was determined by the Supreme Court in Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). The Court determined that the court may employ ancillary jurisdiction to enforce a settlement agreement for two reasons: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, ... and (2) to enable a court to function successfully, that is to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80. As to the first prong, the Court in Kokkonen found no jurisdiction existed because the claim that brought the original action to court was breach of agency, and the enforcement action was a breach of contract claim-two distinct actions. Id. at 380. For the second prong, the Court stated that had the parties' obligation to comply with the settlement agreement been made part of the Order, then breach of the agreement would be a violation of the Order and the Court would have ancillary jurisdiction to effectuate its decree. rd. However, in Kokkonen, the settlement agreement was in no way incorporated into the Court's Order, and the Court did not specifically retain jurisdiction over the case within the Order, therefore ancillary jurisdiction was not proper. Id.at 381-82.
>
> The Fourth Circuit employed the Kokkonen rationale in Smyth v. Rivero by requiring that "the obligation to comply with a settlement's terms must be expressly made part of a court's order for jurisdiction to enforce the settlement after dismissal of the action to exist." 282 F.3d 268,283 (4th Cir. 2002). The Fourth Circuit stated that this rule is "adhered to strictly," id. at 283 (quoting In re

Phar-Mor. Inc. Sec. Litig., 172 F.3d 270, 273 (3d Cir. 1999», and requires that in order to retain jurisdiction, the court must "give a clear indication that it is incorporating the terms of the agreement into that order or retaining jurisdiction" in order to have jurisdiction over an enforcement action. l&L; see also Columbus-America Discovery Group v. Atl. Mut. Ins. Co., 203 F.3d 291,299 (4th Cir. 2000) (holding that the provision included in the Order stating" [tlhe Court retains jurisdiction to enforce the settlement of the parties and the prior Orders in this case" satisfied the Kokkonen requirement to maintain jurisdiction). In Smvth, the Court held that the mention of the settlement agreement in the Order did not require the parties to comply with the terms of the agreement and therefore the settlement agreement was not incorporated into the Order.

In the present case, the court has not even had any knowledge of the alleged settlement agreement before the opposed motion was filed. "Generally, a district court may not enforce a Settlement Agreement unless 'the agreement has been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction." *Columbus-Am. Discovery Group v. Atlantic Mutual Ins. Co.*, 203 F.3d 291, 299 (4th Cir., 1999).

## II.  PLAINTIFF HAS THE RIGHT TO HAVE THIS MATTER DECIDED BY A JURY.

Assuming *arguendo* that the U.S. District Court has jurisdiction, a proper demand for jury trial has been made (by both sides), and there is a disputed issue of material fact as to whether or not there is a settlement agreement, so the Plaintiff is entitled to have the issue decided by a jury, rather than by the court in summary judgement or the equivalent.  As the court stated in *Millner v. Norfolk & Western Railway Company*, 643 F.2d 1005, 1010 (4th Cir., 1981):

> [Plaintiff] had made timely demand for jury trial in his complaint, making no specification of the issues to which his demand ran.  Under these circumstances, he is "deemed to have demanded trial by jury for all the issues so triable," . . . and this demand extends even to issues raised by the opposing party . . . . [Plaintiff's] demand must therefore be treated as running to all issues, including the issue of enforcement of the settlement agreement.  (Citations omitted.)

*Young v. F.D.I.C.*, 103 F.3d 1180 (4th Cir. 1997), cited in Frontier Airlines' Memorandum, is distinguishable, because in that case there was "no doubt as to the existence of a settlement agreement . . . ." *Id.* at 1194. *Alexander v. Industries of the Blind, Inc.*, 901 F.2d 40, 41 (4th Cir. 1990), cited in Frontier Airlines' Memorandum, held that there must be a "plenary evidentiary hearing" on the issue of whether or not there was an oral settlement agreement, but did not address the right to trial by jury. In *Petty v. Timken Corp.*, 849 F.2d 130 (4th Cir., 1988), cited in Frontier Airlines' Memorandum, the Plaintiff's attorney confirmed in court the existence of an oral settlement agreement reached at a pre-trial conference in the judges chambers. By contrast, in the present case there was no court involvement in the alleged settlement agreement.

### III.  **THERE IS NO LEGALLY BINDING SETTLEMENT AGREEMENT.**

Assuming *arguendo* that the court can decide the matter without a jury, the court should find that there was no contract for a settlement agreement, because there was no meeting of the minds between Mrs. Swift and Frontier Airlines, nor any complete settlement agreement. A settlement agreement is enforceable only if it is a complete settlement of all disputed issues between the parties. After the meeting between Mrs. Swift, her counsel and counsel for Frontier Airlines on Friday, January 9, 2015, the "Confidential Full Release and Settlement Agreement" that counsel for Frontier Airlines e-mailed on Monday, January 12, 2015 added provisions that they had not discussed in the meeting, including a long list of parties to be released from all liability. Even if Mrs. Swift's counsel's e-mailed request on the night of Tuesday, January 13, 2015 to add a signature line for Frontier Airlines was an offer to make a contract, the offer was revoked the next morning on Wednesday, January 14, 2015 by her counsel's e-mail, before it

was "accepted" by Frontier Airlines' counsel's e-mail of Friday, January 16, 2015 adding counsel's signature, so no contract was formed. Furthermore, the signature of counsel for Frontier Airlines, rather than that of a corporate officer, was not the requisite signature, and as such was inadequate.

"Because exercise of the authority to enforce settlement agreements depends on the parties' agreement to a complete settlement, the court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement." *Hensley v. Alcon Laboratories*, 277 F.3d 535, 540 (4th Cir., 2001). In *Moore v. Beaufort County, N.C.*, 936 F.2d 159 (4th Cir., 1991), cited in Frontier Airlines' Memorandum, the court found that there was a complete settlement agreement, where the Plaintiffs' attorney signed a document drafted by the Defendants' attorney. In the present case, no one has signed a document drafted by the other side.

### IV. IT IS IMPOSSIBLE TO CARRY OUT THE ALLEGED SETTLEMENT AGREEMENT ACCORDING TO ITS TERMS.

Assuming *arguendo* that there was a contract, paragraph H of the "Confidential Full Release and Settlement Agreement" provides, "Releasor and the Released Parties further agree that this Confidential Full Release and Settlement Agreement shall be confidential and that they will not disclose the content of **any terms** of this Confidential Full Release and Settlement Agreement to anyone except as necessary for tax reporting purposes or as otherwise required by law." (Emphasis added.) Thus, it is not merely the redacted dollar amount that was supposed to be kept confidential, but the entire agreement. By not redacting any other terms, and filing it and publishing it on PACER for all the world to see (not under seal, and with no protective order in place), Frontier Airlines has made the agreement impossible to carry out.

### V.  BY ITS TERMS, THE ALLEGED SETTLEMENT AGREEMENT IS INVALID IF IT IS NOT SIGNED VOLUNTARILY.

The "Confidential Full Release and Settlement Agreement" by its own terms implies that it will not be an enforceable contract until Mrs. Swift signs it.  The last line before the date and signatures states in bold type, "**CAUTION!  READ BEFORE SIGNING.**"  The second sentence of Paragraph F states, "Releasor attests that she has read and understands the content and legal effect of this Confidential Full Release and Settlement Agreement and has **freely executed** it."  (Emphasis added.)  The statement to be signed by a Notary Public states that Mrs. Swift, ". . . acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary acts . . . ."  If the Court orders her to sign this document, it will be ordering her to commit perjury, contrary to public policy.

### VI.  ATTORNEYS FEES AND COSTS

While the "American Rule" provides that each party should generally bear its own costs (*Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir., 2002)), the Court has the inherent power to impose sanctions for bad faith.  *Chambers v. Nasco, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). "[U]nder its inherent powers, the district court has authority to shift attorneys fees, but again only in the extraordinary circumstances where bad faith or abuse can form a basis for doing so."  *Hensley v. Alcon Laboratories*, 277 F.3d 535, 540 (4th Cir., 2001).  There are such extraordinary circumstances in the present case, for instance, counsel for Frontier Airlines knew that Mrs. Swift was overwhelmed emotionally, but unreasonably pushed forward for an agreement that Plaintiff would not agreed to but for her emotional state that she was in during the discussion, and is now trying to enforce that alleged agreement, despite its own requirement that it be freely signed.

**CONCLUSION**

    Mrs. Swift respectfully requests the court to enter an Order denying the opposed motion, because the court does not have jurisdiction, should not decide the matter without a jury, there has been no meeting of the minds required for a valid settlement agreement, it is impossible to carry out the alleged settlement agreement, and by its terms it cannot be signed involuntarily. Plaintiff also asks the Court to assess against Defendant Frontier Airlines, Inc. all costs and fees incurred by her in opposing said motion, because it was made in bad faith.

Dated: February 9, 2015                      Respectfully submitted,

                                        */s/ Stephen Christopher Swift*
                                        Stephen Christopher Swift
                                        Virginia State Bar ID No. 38419
                                        Swift & Swift, Attorneys at Law, P.L.L.C.
                                        2121 Eisenhower Avenue, Suite 200
                                        Alexandria, Virginia  22314-4688
                                        Telephone: (703) 418-0000
                                        Facsimile: (703) 535-8205
                                        E-Mail: steve@swift.law.pro

                                        *Attorney for Plaintiff*
                                        *Charity Chidinma Emeronye Swift*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on February 9, 2015, I electronically filed the foregoing and attached documents with the Clerk of the Court, using the Court's CM/ECF system, which will automatically cause all counsel of record to be served therewith.

                                                      */s/ Stephen Christopher Swift*
                                                      Stephen Christopher Swift