IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|   |   |
|---|---|
| **CHARITY CHIDINMA EMERONYE SWIFT,** | |
| Plaintiff, | Civil Action No. 1:14-CV-1139 |
| v. | Hon. Judge Anthony J. Trenga |
| | Hon. Magistrate Judge Ivan D. Davis |
| **FRONTIER AIRLINES, INC. (a Colorado corporation), and JANE DOE,** | |
| Defendants. | |

**FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

Defendant Frontier Airlines, Inc. ("Frontier") submits this reply memorandum of law in support of its Motion to Enforce the Settlement Agreement, and states as follows:

**ARGUMENT**

**A.  ENFORCEMENT OF THE SETTLEMENT AGREEMENT AGAINST PLAINTIFF IS REQUIRED BECAUSE A BINDING AND ENFORCEABLE AGREEMENT WAS REACHED BETWEEN THE PARTIES.**

Plaintiff's opposition and supporting affidavit only confirm, not dispute, that Plaintiff and Frontier reached a complete, enforceable settlement agreement regarding this litigation. Plaintiff's claim that Frontier's counsel was "deceptively" friendly and somehow "[took] advantage of [her] emotional state of mind" is ludicrous and not well taken. (ECF Dkt. 54-2 at ¶¶ 9, 19.) Plaintiff's own affidavit demonstrates that she is a well-educated lawyer who was represented by her husband, who is also an attorney, for the negotiations and consummation of the settlement. (ECF Dkt. 54-2 at ¶¶ 2 – 3, 7.) They were both present for the duration of the

settlement discussions, Plaintiff herself participated in negotiating the settlement, and both Plaintiff, as well as her counsel, agreed to the settlement agreement ultimately reached. (ECF Dkt. 54-2 at ¶¶ 8, 19.) The settlement was confirmed in writing and the terms were not contested. According to Plaintiff's Affidavit, however, the settlement agreement should be disregarded because she was "in an emotional stupor" and that "only someone in an emotional funk" could have possibly asked for the settlement amount that she requested, and to which Frontier and she ultimately agreed. (ECF Dkt. 54-2 at ¶ 19.) Plaintiff is simply attempting to renege on the agreement because she has changed her mind and wants more money. As noted in Frontier's opening brief, "having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. FDIC,* 103 F.3d 1180, 1195 (4th Cir. 1997). Indeed, this is the very reason why courts must look to the objective words and actions of the parties to determine whether there was a meeting of the minds; Plaintiff's "contrary unexpressed state of mind is immaterial" for this purpose. *Sengal v. Fakouri Elec. Eng'g, Inc.*, 2011 U.S. Dist. LEXIS 134820, at *7 (E.D. Va. Nov. 22, 2011).

In sum, and as further set forth below, Plaintiff's arguments to avoid the settlement she admits was reached on January 9, 2015 have no basis in law or fact, and must be rejected.

 1. ***This Court Has Jurisdiction to Enforce the Settlement.***

Plaintiff's contention that this Court does not have jurisdiction over Frontier's motion to enforce the settlement agreement is flat wrong. Indeed, the Fourth Circuit has consistently recognized that "[a]lthough resolution of a motion to enforce a settlement agreement draws on standard contract principles, it may be accomplished within the context of the underlying litigation without the need for a new complaint. To this extent, district courts have inherent

authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs.*, 277 F.3d 535, 540 (4th Cir. 2002). The cases cited by Plaintiff – *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994); *In re Phar-Mor, Inc. Sec. Lit.,* 172 F.3d 270 (3d Cir. 1999) and *Trans States Airlines, Inc. v. Commonwealth Aviation Serv., Inc.*, 2008 U.S. Dist. LEXIS 88396 (E.D. Va. Oct. 31, 2008) – are wholly irrelevant to the present motion, as those cases only address the issue of whether a district court has the ability to reassert jurisdiction to enforce a settlement <u>after the litigation has already been dismissed</u>. None of those cases apply here, as this case is actively pending before this Court and has not been dismissed. As such, there is no question this Court has jurisdiction over the pending motion, as it does with the litigation in its entirety, and Plaintiff's argument must be ignored.

## 2. *Plaintiff's Jury Trial Demand Is Irrelevant.*

Plaintiff's claim that she filed a jury demand in her initial complaint does not obviate the settlement to which she agreed to several months *after* she instituted the case. Nor does this claimed right relinquish this Court of its inherent authority to enforce settlement agreements, and her citation to *Millner* is inapposite. *Millner v. Norfolk & W. Ry. Co.,* 643 F.2d 1005, 1009 (4th Cir. 1981). Unlike Plaintiff Swift, the *Millner* plaintiff produced substantial evidence that his attorney did not have the authority to settle his FELA case, and that there was never a meeting of the minds between his counsel and the employer. *Id.* at 1009-10. Unlike the present case, "in an FELA action, even the questions whether an employer should be estopped to plead limitations, or whether an employee is entitled to rescission of a release because of fraud, are triable to a jury as of right." *Id.* at 1010 (internal citations omitted). This is not the situation here. Plaintiff Swift, a sophisticated attorney, does not dispute that she, along with her own attorney, personally reached

3

a settlement agreement with Frontier's counsel following a long, in-person meeting to discuss resolution of her case. In fact, Plaintiff admits that she herself "made a counter offer" and that counsel for Frontier "accepted it." (ECF Dkt. 54-2, ¶19). There is simply no dispute, let alone a substantial dispute, as to the authority Plaintiff's counsel had when Plaintiff herself agreed to settle her own case on January 9, 2015. *See, e.g.*, *Petty v. Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988) ("Trial courts possess the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing. Although summary enforcement is inappropriate when there is a material dispute about the existence of a settlement agreement or the authority of an attorney to enter a settlement agreement on behalf of his client, [plaintiff's] effort to bring his case within that context is thoroughly unpersuasive." (citing *Millner*, 643 F.2d at 1009)).

As such, the circumstances in this case are more akin to the Fourth Circuit's more recent decision in *Topiwala v. Wessell*, 509 Fed. Appx. 184 (4th Cir. 2013). There, the defendants attempted to renege on a settlement, claiming there was no meeting of the minds, since "they were rushed into the agreement because they had a plane to catch, and that they mistakenly agreed to certain terms that they later discovered would be more difficult to satisfy than anticipated." *Id.* at 186-87. Noting that "[a] settlement agreement may be enforceable notwithstanding the fact that it is not yet consummated" and "the fact that a party has 'second thoughts' about the agreement's results does not render the agreement unenforceable," the Fourth Circuit, while citing *Millner*, found that a plenary evidentiary hearing was unnecessary because if "a settlement agreement exists and its terms and conditions can be determined, as long as the excuse for nonperformance is comparatively unsubstantial, the court may enforce the

agreement summarily." *Id.* (citing *Millner*, 643 F.2d at 1009). As such, the court rejected defendants' "catch-a-plane" and "mistake" arguments, finding that such excuses "expose their true motivations for avoiding the agreement," and held that these reasons were "not merely comparatively, but wholly unsubstantial." *Id.* (citing *Millner*, 643 F.2d at 1009).

Like in *Wessell*, Plaintiff's arguments here fail because her claim that she was very emotional when she admittedly agreed to the settlement does not create a substantial issue of material fact that can unwind the undisputed agreement reached between the parties. Simply wanting more money after agreeing to an amount certain is exactly the type of "second thoughts" that courts look to avoid. *See id.* at 186 (citing *Hensley*, 277 F.3d at 540). There exist no factual dispute here about the authority of the parties to enter into the agreement, and this Court may therefore summarily enforce the settlement agreement. *See, e.g.*, *Hensley*, 277 F.3d at 541.

### 3. *Plaintiff Fails to Identify Any Disputed Terms of the Settlement Agreement.*

Plaintiff's argument that there is no legally binding settlement agreement because she did not sign a written agreement, which she claims contained "provisions that were not discussed in the meeting," is unavailing. Plaintiff does not even dispute any of these terms, let alone claim they are material. Indeed they are not. It is undisputed that the only term Plaintiff requested to be added after receiving the written release was a signature line for a Frontier representative to sign (which was done). This does not excuse Plaintiff of her breach, and enforcement remains proper.

The issue for the Court here is to determine: (1) did the parties reach a complete agreement, and (2) can the terms and conditions be ascertained? *Hensley*, 277 F.3d 535 (4th Cir. 2002) (citing *Millner*, 643 F.2d at 1009). Here, it simply is not, and cannot be, disputed that Plaintiff and Frontier reached a complete settlement agreement. (ECF Dkt. 54-2, ¶19). The

confirming documentation between Plaintiff's counsel and Frontier's counsel further support the existence of a complete settlement agreement. The excuse given by Plaintiff is that she changed her mind, which does not justify setting aside the agreement.

The Virginia Supreme Court in *Snyder-Falkinham v. Stockburger*, for example, held that a plaintiff's oral agreement to a proposed settlement agreement, despite the fact that a later writing was contemplated, was sufficient to bind her to that agreement. 457 S.E.2d 36, 41 (Va. 1995) ("Contrary to the plaintiff's contention on appeal, the settlement was binding even though these parties contemplated that a formal, written 'Mutual Release and Settlement Agreement' memorializing the compromise would be executed."). There, like here, the plaintiff had a change of heart and decided that the settlement amount she orally agreed to was insufficient. *Id.* The *Stockburger* Court flatly rejected plaintiff's attempt to renege on the settlement, finding that "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside. That is what occurred here." *Id.* (citing *Moreland v. Suttmiller*, 397 S.E.2d 910, 914 (W.Va. 1990).

Likewise, this Court in *Patel v. Barot*, recently followed *Stockburger* and held that settlement terms outlined in a party's email were enforceable, because "neither the inclusion of the additional terms in the Agreement, nor the requirement that the Agreement be fully executed before taking effect, defeat the enforceability of the settlement as expressed in the January 27 e-mail." 15 F. Supp. 3d 648, 655 (E.D. Va. 2014); *see also Campbell v. Adkisson*, 546 Fed. Appx. 146, 153 (4th Cir. 2013) (finding that the parties never expressly stated that their agreement was

dependent on the execution of a writing, and later dissatisfaction of the settlement amount was not grounds to void the oral settlement agreement).

Putting the attestations of Plaintiff and Frontier's counsel aside for a moment, the Wegman Declaration contains the correspondence that transpired between Frontier's counsel and Plaintiff's counsel after the settlement agreement was reached. It is unrefuted. As in *Stockburger* and *Patel*, the communications here – authored in part by Plaintiff's counsel – are an objective reflection of Plaintiff's intention to be bound by the settlement agreement. Plaintiff agreed to release and dismiss all her claims set forth in her complaint in exchange for the monetary amount demanded and confidentiality. (Wegman Decl., ¶10.) The Settlement Agreement was confirmed in writing by Frontier. (Wegman Decl., ¶12.) Plaintiff did not question or contest the confirmation of the Settlement Agreement. *Id.* A written Full Release and Settlement Agreement was provided to Plaintiff. (Wegman Decl., ¶13.) Plaintiff did not question or contest the written Settlement Agreement or any of its terms. (Wegman Decl., ¶14.) Indeed, the fact that a complete Settlement Agreement had been reached is conceded in Plaintiff's counsel's subsequent correspondence (attempting to renege), which specifically states that "I have advised my client that she should not go ahead *with the agreement* at this time." (Wegman Decl., ¶16, Exhibit D (emphasis added).) In sum, a complete agreement was reached between the parties and Plaintiff's counsel's own correspondence confirmed that the terms and conditions were deemed acceptable. They must be enforced here.

Additionally, Plaintiff's claim that the settlement agreement cannot be enforced because the written agreement was attached, in redacted form, to Frontier's motion to enforce the judgment, and thus the parties cannot "carry out its terms," is baseless. In other words, Plaintiff

argues that, by filing the present motion, Frontier breached the settlement agreement she claims did not exist in the first place, and therefore, this Court should not hold Plaintiff to her initial material breach of the agreement. Such a legally unsupported and circular argument must be rejected, as the present motion was necessitated by <u>Plaintiff's</u>, not Frontier's, wrongful attempt to renege on the settlement agreement, and the terms became at issue as a direct result. As noted in Plaintiff's opposition, the written agreement specifically states that the content shall not be disclosed "except as necessary for tax reporting purposes or as otherwise required by law." In order to enforce the settlement agreement improperly breached by Plaintiff, the Court must review such evidence to ascertain the material terms and conditions in dispute and determine whether an agreement was reached that can be enforced. The only condition Plaintiff ever raised prior to reneging on the settlement was requesting that Frontier add a signature line for itself, which Frontier added and executed as requested. The written agreement was attached as part of the communications between Frontier and Plaintiff after the settlement agreement was reached, and those communications, along with the formal writing, demonstrate that the parties had reached an agreement on all material terms. There exists no reason to unwind the legally enforceable settlement, and the Court must therefore grant Frontier's motion to enforce.

### 4. *Plaintiff's Improper Request for Fees and Costs Must Be Denied.*

Finally, Plaintiff's allegation that Frontier acted in bad faith by entering into settlement negotiations with Plaintiff and her counsel and by filing the present motion cannot be taken lightly and must be denied. Plaintiff's assertions that Frontier "knew" she was emotionally unstable at the time she entered into the settlement agreement and somehow "took advantage" of her are completely unsupported by any evidence and wholly ignore the facts that Plaintiff is an

attorney herself and that her husband/counsel was present the entire time. Seeking to enforce a settlement that Plaintiff, along with her counsel, negotiated and agreed to does not constitute bad faith, and it is not proper for Plaintiff to even request such vexatious relief in her response brief.

On the other hand, the costs and attorneys' fees requested by Frontier for being forced to bring the present motion and continue litigating a settled case are proper and necessary to put Frontier back in the position it would have been had Plaintiff not wrongfully and willfully breached the settlement agreement. *See, e.g.*, *Sherman v. Phillip Morris, Inc.*, 1992 U.S. App. LEXIS 8457, at *8 (4th Cir. Va. Apr. 24, 1992) (affirming district court's award of attorneys' fees to defendant after prevailing on motion to enforce as a result of, *inter alia*, "plaintiff's actions in continuing to litigate after entering into a settlement agreement" (citing *Arnold v. Burger King Corp.*, 719 F.2d 63, 67 (4th Cir. 1983))); *see also Hoey v. Sunrise Senior Living Mgmt., Inc.*, 2013 U.S. Dist. LEXIS 27480, at *7-8 (E.D. Mich. Feb. 28, 2013) ("In order to restore [the non-breaching party] to the same position as she would have been if [the breaching party] had complied with the settlement agreement, the Court will award the costs and fees of bringing and defending this motion."). Under the circumstances present here, the Court should exercise its discretion to award Frontier its costs and fees incurred in bringing this Motion.

## CONCLUSION

WHEREFORE, Defendant Frontier Airlines, Inc. respectfully moves for entry of an Order compelling Plaintiff to comply with the parties' Settlement Agreement, dismiss the case in its entirety and with prejudice, and, given Plaintiff's unmerited refusal to comply with the Settlement Agreement, assess against Plaintiff all costs and fees incurred by Frontier in bringing this Motion.

Dated: February 16, 2015	Respectfully submitted,

/s/ _____
Sarah E. Moffett (VA Bar No. 72208)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone: (703) 647-5930
Facsimile: (703) 647-5980
Email: sarah.moffett@leclairryan.com

- and –

Paula L. Wegman (*admitted pro hac vice*)
Steven L. Boldt (*admitted pro hac vice*)
ADLER MURPHY & MCQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-9860
Email: sboldt@amm-law.com
Email: pwegman@amm-law.com

*Attorneys for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 16, 2015, I served the following via electronic case filing and sent a copy to Plaintiff's counsel at the below e-mail address:

Stephen Swift, Esq.
Swift & Swift, Attorneys at Law, P.L.L.C.
21 Eisenhower Avenue
Suite 200
Alexandria, VA 22314
steve@swift.law.pro

/s/_____
Sarah E. Moffett