<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1261**

CHARITY CHIDINMA EMERONYE SWIFT,

          Plaintiff – Appellant,

    v.

FRONTIER AIRLINES, INCORPORATED, a Colorado corporation; JANE DOE,

          Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony J. Trenga, District Judge. (1:14-cv-01139-AJT-IDD)

Submitted:  September 18, 2015            Decided:  January 7, 2016

Before MOTZ, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charity Chidinma Emeronye Swift, Stephen Christopher Swift, SWIFT & SWIFT, ATTORNEYS AT LAW, P.L.L.C., Alexandria, Virginia, for Appellant. Sarah E. Moffett, Joseph M. Rainsbury, LECLAIRRYAN, Alexandria, Virginia; Austin W. Bartlett, Paula L. Wegman, Steven L. Boldt, Charles Ingrassia, ADLER MURPHY & MCQUILLEN LLP, Chicago, Illinois, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charity Chidinma Emeronye Swift appeals from the district court's order granting Frontier Airlines's motion to enforce an oral settlement agreement and dismissing Swift's action. We hold that the district court did not abuse its discretion in enforcing the settlement agreement. Thus, we affirm.

When considering a motion to enforce a settlement agreement, the district court applies standard contract principles. Bradley v. Am. Household Inc., 378 F.3d 373, 380 (4th Cir. 2004). To enforce a settlement agreement under its inherent equity power, the district court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540-41 (4th Cir. 2002). We review a district court's findings of fact for clear error and its decision to enforce a settlement agreement for abuse of discretion. Id. at 541. "Having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement . . . and the fact that the agreement is not in writing does not render it unenforceable." Id. at 540 (citations and quotation marks omitted).

Under Virginia law,* "settlement agreements are treated as contracts subject to the general principles of contract interpretation." Byrum v. Bear Inv. Co., 936 F.2d 173, 175 (4th Cir. 1991). A contract is formed when the offeree communicates its acceptance to the offeror. See Levy v. Beach Inv. Corp., 181 S.E.2d 607, 607–08 (Va. 1971).

Swift proffers numerous arguments supporting her contention that no binding settlement agreement exists. First, Swift asserts that her signing a release was a condition precedent to the creation of an enforceable agreement. However, when questioned, Swift's counsel (who was also her husband) could not reference any discussion or other objective manifestation of such a requirement. While counsel claimed that the condition was understood, although not explicitly verbalized, Virginia courts "ascertain whether a party assented to the terms of a contract from that party's words or acts, not from his or her unexpressed state of mind." Phillips v. Mazyck, 643 S.E.2d 172, 175 (Va. 2007). Virginia courts require an objective manifestation of consent to contract terms; "[a] party's silence . . . is insufficient to show its intention to be bound by the

---

* Frontier asserts that choice of law in the context of settlement agreements arising under federal law is unsettled. However, Frontier notes that Swift cites to Virginia law and that, even if federal common law applies, Virginia common law may be considered.

3

terms of a contract." Id. at 176. Because, in reaching the agreement, no mention was made of a requirement of a subsequent written confirmation, the fact that the release was never signed does not undermine the existence of the prior oral settlement agreement.

Next, Swift contends that the very existence of the proffered release, together with the fact that the release allegedly added additional terms and required a signature, is proof that there was no agreement prior to a signed release. However, the mere existence of an unsigned and subsequent release, even if it contains additional terms, does not void a prior oral agreement. See Hart v. Hart, 544 S.E.2d 366, 374-75 (Va. App. 2001) (holding that, once a contract is formed, attempt to add new terms does not void the contract, but rather relates to the performance of the contract). In addition, in the e-mail discussions regarding the release, Swift raised no complaint regarding any of the allegedly additional terms, undermining her assertion that the release added terms and was fundamentally unfair. We conclude that the fact that Frontier drafted a written release and forwarded it to Swift for her signature did not void the oral settlement agreement.

Next, Swift asserts that the district court erred in ruling without a hearing on the motion to enforce the settlement agreement. Specifically, Swift claims that the following

material issues of fact existed: (1) whether there was a meeting of the minds, (2) whether Swift's husband had authority to act on her behalf, and (3) whether the agreement reached included an apology. In determining whether to enforce a settlement agreement, if there is a substantial factual dispute over either the agreement's existence or its terms, then the district court must hold an evidentiary hearing. Hensley, 277 F.3d at 541. If, however, a settlement agreement exists and its terms and conditions can be determined, as long as the excuse for nonperformance is comparatively unsubstantial, the court may enforce the agreement summarily. Id. at 540.

We find that the district court did not abuse its discretion in summarily granting Frontier's motion to enforce the settlement agreement. Although Swift challenged whether a settlement agreement existed, the district court determined that there was no substantial factual dispute on the point, because Swift's claim that there was no "meeting of the minds" was contradicted by the record and entirely unsubstantiated. Both parties agree that Swift requested a specific sum for dismissing her case, Frontier agreed to pay it, and the parties shook hands on the deal. Swift's request for an apology came later. Nor do we find any genuine issue of fact as to the authority of Swift's husband (who appeared as counsel for his wife) to act on her behalf.

5

Next, Swift contends that the settlement agreement is unenforceable because Frontier's negotiation tactics were unfair and in bad faith. Specifically, Swift asserts that Frontier's counsel preyed on her emotional state in securing an unfair settlement. Swift contends that the monetary settlement was inequitable, and she would not have agreed to such an amount absent Frontier's counsel's misconduct and her own emotional state.

If inadequacy of price or inequality in value are the only indicia of unconscionability, the case must be extreme to justify equitable relief. Smyth Bros. v. Beresford, 104 S.E. 371, 381–82 (Va. 1920). Other factors, however, may more readily show that the bargain was legally unfair and inequitable: concealments, misrepresentations, undue advantage, oppression, or evidence of ignorance, weakness of mind, sickness, old age, incapacity, or pecuniary necessities. Derby v. Derby, 378 S.E.2d 74, 79 (Va. App. 1989).

Here, the factors do not support a finding of unconscionability. First, the bargain was not obviously inequitable. Nor is there any indication that Frontier misrepresented or concealed any evidence. Finally, while Swift asserts that Frontier preyed on her emotional state, this argument is not credible. Swift does not contend that Frontier's counsel badgered or strong armed her during

6

negotiations. In fact, Swift contends the opposite — that Frontier's counsel pretended to be friendly. Further, the offer that was accepted was made by Swift herself, who is a lawyer and who was represented by counsel at the settlement negotiations. Given the undisputed facts, we conclude that the district court did not abuse its discretion in rejecting the claim that the contract was unconscionable.

Finally, Swift contends that the district court's order amounted to a requirement that she sign the release. She asserts that signing a release that states that she freely enters into the agreement would be perjury. However, the district court's finding was that a contract existed prior to the unexecuted release: Frontier would pay the agreed amount in exchange for dismissal of the suit and confidentiality. Thus, the release was not part of the oral contract and need not be executed.

Thus, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7